Veturia V. Durham v. Slidell Company.

[49 South. 739.]

Statute of Frauds. *Business sign. Code* 1906, § 4784. *Trader.*

Proof of one sale does not make the seller a "trader" within the meaning of Code 1906, § 4784, providing that if any person shall transact business, as a trader or otherwise, as agent of another and fail to disclose his principal by a business sign, all property used or acquired in the business shall be liable to his creditors.

From the circuit court of Lamar county.

Hon. William H. Cook, Judge.

The Slidell Company, appellee, a judgment creditor of William L. Durham, appellant's husband, caused an execution to be issued on his judgment and levied upon certain horses and buggies found in a stable belonging to the appellant, Mrs. Durham. The husband, defendant in execution, had the property in his possession and under his control. The plaintiff in execution claimed that it was liable to execution by reason of the statute, Code 1906, § 4784, because her husband was conducting a "livery and feed stable" business, without having a sign on the premises disclosing his principal, etc.

Code, § 4784, is as follows: "If a person shall transact business as a trader or otherwise, with the addition of the words 'agent,' 'factor,' 'and company,' or '& Co.,' or like words, and fail to disclose his principal or partner by a sign in letters easy to be read, placed conspicuously at the house where such business is transacted, or if any person shall transact business in his own name without any such addition, all the property, stock, money and choses in action used or acquired in such business shall, as to the creditors of any such person, be liable for his debts, and be in all respects treated in favor of his creditors as his property."

Mrs. Durham, appellant, having claimed the property, an issue was made up for trial to determine its liability to levy and sale under the execution.

The testimony is sufficiently shown by the opinion of the court. From a judgment in plaintiff's favor the claimant appealed to the supreme court.

*Scott & Parker* and *J. A. Alexander,* for appellant.

Under Code 1906, § 4784, the right is given a creditor to take the the property of a third person to settle the debts of the debtor when it is shown by evidence that the property was "used or acquired" in a business transacted by the debtor, as a "trader or otherwise" (which means one *ejusdem generis*), and that such business was transacted by the debtor "in his own name" or a name with the same effect. Even though all the features of the statute have been satisfied and it has been proven that the business was operated in the name of the debtor, and that the nature of such business was that of a "trader," yet the limit of recovery, even in that case, would only extend to that property which the evidence shows was "used or acquired" in transacting such business. There is no evidence in the record to show that the property seized was used or acquired in the business of William L. Durham, or any other business. And until this burden had been carried by the creditor of defendant Durham, it had no right to appropriate the property of Mrs. Durham to the satisfaction of the debt of her husband. The trial court was in error in granting a peremptory instruction to find for the plaintiff in execution, because the plaintiff in execution, appellee here, failed absolutely to carry the burden placed upon it by virtue of the statute, in showing that the property levied upon by the sheriff was used or acquired in the business.

In all the cases decided by this court, construing this statute it is held that three things, or conditions, must exist before the statute can be applied, and they are: (1) That the judgment debtor, transacted business "as a trader or otherwise," (2) that

the property sought to be subjected to execution, was "used or acquired in the business" of the trader, and (3) that the trader "transacted business in his own name," or in one that had the same effect. *Gumble v. Koon,* 59 Miss. 264; *Quin v. Miles,* 59 Miss. 375; *Shannon v. Blum,* 60 Miss. 828; *Wolf v. Kahn,* 63 Miss. 814; *Loeb v. Morton,* 63 Miss. 280; *Adams v. Berg,* 65 Miss. 3, 3 South. 465; *Evans v. Henley,* 66 Miss. 148, 5 South. 522; *Bank v. Studebaker,* 71 Miss. 544, 14 South. 733; *Meridian Land Co. v. Ormond,* 82 Miss. 758, 35 South. 179; *Dale v. Harrahan,* 85 Miss. 49, 37 South. 458, and others.

William L. Durham was not doing business as a trader or otherwise; if the record shows anything about the nature of the business, it shows that he was running a livery and feed stable business only. The sum total of the evidence as to this is that of the witnesses Shanks and Walker, to the effect that they had hired teams there, and Shanks' statement that he had heard that Durham had sold horses and buggies, which evidence was duly objected to as hearsay. And this hearsay evidence is all the proof that we have of any sale, and that does not designate any time or place, or show that it was in this business. The statute says: "If a person transact business as a trader or otherwise . . . " which latter word "otherwise," has had defined by this court to mean one *ejusdem generis* (*Yale v. Taylor,* 63 Miss. 598), and we submit the legal definition of the "livery and feed stable business" is radically different from a general livery stable business.

*C. G. Mayson, J. W. Shanks* and *McWillie & Thompson,* for appellee.

The possession of the property levied on was in the defendant in execution; the law presumes him to have been the owner. Possession is *prima facie* evidence of title. *Kitchen v. Brennan,* 53 Miss. 596; Jones on Evidence, § 71.

In case of the trial of the right of property levied upon under execution, plaintiff is entitled to a verdict, when he shows that

defendant in execution was in possession of the property when levied upon.   The burden is then on claimant to establish title. *Ross v. Lawson,* 105 Ala. 351, 16 South. 890.

The defendant in execution was shown to have been operating a public livery stable for some years prior to and at the time of the levy; was shown to have been the sole manager and custodian thereof; and in the absence of a sign disclosing the true ownership of the stable, is conclusively presumed to be the owner thereof and of its contents.   *Loeb v. Morton,* 63 Miss. 280; *Paine v. Hall, etc. Co.,* 64 Miss. 175, 1 South. 56; *Hamblet v. Steen,* 65 Miss. 474, 4 South. 431; *Cato v. Hardy,* 1 Miss. Dec. 274.

William L. Durham was in possession of the property when it was levied upon.   To make out a *prima facie* case it was only necessary for plaintiff to offer in evidence the original judgment, the execution and the officer's return thereon.   Freeman on Ex. § 365.   Ib. § 363.

It is claimed by counsel that plaintiff in execution did not make out a *prima facie* case entitling it to recover, because there is no affirmative statement in the return on the writ by the deputy sheriff who made the levy, that the property was levied upon as the property of the defendant in execution, and because the officer as a witness did not testify affirmatively that he took the property from defendant in execution.

To this we respond that the officer could not levy the execution on the property of any person other than the defendant named therein (2 Freeman on Executions (2d ed.) § 254) and consequently every return on an execution showing the seizure of personal property and the taking of it by the officer into his possession necessarily implies that it was levied upon and taken as the property of the defendant in execution, and the implication is just as effectual and strong as would be an affirmative averment in the return to that effect.   This is especially true, in a case like the present one, where there is but one defendant in execution.   If there were two or more defendants and

the property did not belong to them jointly it would be advisable no doubt for the return to show to which one of them it belonged, or was levied upon as the property of, but in the absence of such a showing the presumption would be that it belonged to the defendants jointly.

The exact point—the implication arising from a return showing a levy without stating affirmatively to whom the property levied upon belonged—was decided by the supreme court of Illinois in the case of *Hogue v. Corbitt,* 156 Ill. 540, s. c. 41 N. E. 219 and by our own supreme court in *Saunders v. Columbus, etc., Co.,* 43 Miss. 583.

As is shown by abundant authority the return of the officer on the execution, within the requirements of the law, is, as against strangers to the writ *prima facie* evidence of the facts stated, and until vacated is conclusive against the parties to the execution. 2 Freeman on Executions (2d ed.) § 365, and authorities cited. Of course what the return shows by necessary implication is as effectually shown as if affirmatively stated therein; and it is just as conclusive on the parties to the execution and just as much *prima facie* evidence against strangers to the writ.

Argued orally by *W. L. Scott,* for appellant and by *R. H. Thompson,* for appellee.

WHITFIELD, C. J., delivered the opinion of the court.

A most careful scrutiny of the testimony in this record fails to show that William L. Durham was a "trader," within the meaning of our sign statute. Section 4784 of the Code of 1906. The evidence, taken as a whole, shows that the stable he kept was a livery and feed stable, rather than a livery and sales stable. There is no competent evidence of any sale made by him, except of one vehicle. There is certain other testimony about sales; but that testimony is wholly hearsay, and, of course, incompetent. "One swallow does not make a summer," nor one

sale a trader.    There is also some meager testimony about hiring teams.    The very bill head, introduced by the plaintiff in execution as tending to show that William L. Durham had a sign showing that he was doing business in his own name, expressly recites that it was a "livery and feed stable," and besides, this bill head was simply one of many loose bill heads found in the office on the desk, and it is not at all certain from the testimony that it may not have been a bill head used by William L. Durham when he was conducting a livery stable in his own name, some time before this.    There was no sign about the place anywhere, and this bill head amounts to nothing, on the testimony in this case, and tends to show, if anything, that the stable was a livery and feed stable.

On the whole testimony, it was plainly error for the court to give the peremptory instruction, as it did, to find for the plaintiff in execution.    The case should have gone to the jury.

*Reversed and remanded.*