CITY OF PASCAGOULA *v.* CARTER.*

(Division B. Nov. 10, 1924.)

[101 So. 687.   No. 24559.]

1. LICENSES.   *Law placing, privilege tax on automobile dealers held not to include dealers' salesmen.*

  Under section 6, chapter 117, Laws of 1924, providing a privilege tax on automobile dealers, the statute means that those engaged in the business of selling automobiles shall pay the privilege tax, and does not mean that each employee engaged in the service of the seller in making sales shall pay such tax.

2. LICENSES.   *Occasional sale by seller having no place of business, and no stock of automobiles, held not conducting business under law providing privilege tax on automobile dealers.*

  The making of an occasional sale in a municipality where the seller has no place of business, and no stock of automobiles on hand, is not conducting a business as dealer in automobiles.

*Headnotes 1.  Licenses, 25 Cyc, p. 627;  2. Licenses, 25 Cyc, p. 627.

APPEAL from circuit court of Jackson county.

HON. D. M. GRAHAM, Judge.

James J. Carter was convicted in the city court of Pascagoula of the violation of an ordinance, and on ap-

peal to the circuit court was discharged, from which judgment the city appeals.   Affirmed.

*H. B. Everitt,* for appellant. · ·

The liability of the appellee depends on the construction of section 6, chapter 117, Acts of 1924, and section 5864, Hemingway's Code, as well as on the restrictive provisions of section 6639.   As to the first of the propositions, I desire to call the court's special attention to the peculiar wording of the Act of 1924, requiring a privilege license from persons, firms or corporations dealing in automobiles and the concluding clause "and each person or individual selling or offering for sale automobiles, whether new or second hand, shall pay this tax."

There are several instances that are familiar to us all requiring each individual to pay a privilege tax regardless of their association as co-partners or as officers or managers of corporate businesses.   *Clarksdale Insurance Agency* v. *Cole,* 87 Miss. 637; *Mitchell* v. *State,* 67 Miss. 644; *Hendon* v. *State,* 61 Miss. 146.

But in each of the above cases the amount to be paid by the agency was different from the amount required of the individual agent which tended to make clear the idea that a distinction was intended.

In this case if my contention is correct, the amount required of the firm or corporation is the same as is required of the individual and where there is an agency or a dealer in automobile doing business as a firm or corporation it seems clear that a license must be paid by the firm or corporation for doing business in such capacity and a person doing such business alone pays the same amount.   But it now becomes necessary if this provision is clear, to find some separate meaning and use for the last clause of this last paragraph of the section to which attention is called.   "And each person or individual selling or offering for sale automobiles, whether

new or second hand, shall pay this tax." It was cer-
tainly not necessary to use this language to make clear
the idea that selling or offering for sale automobiles
would render a person liable as a dealer. And had this
been the purpose it would have been much more clearly
expressed by saying that any person, firm or corpora-
tion so operating would be liable, whereas the word "in-
dividual" is here used for the first time. And mani-
festly the individual liability on the part of every indi-
vidual offering automobiles for sale was the matter in
mind. Certainly any other construction would render
this clause senseless.

And as a matter of common knowledge there exist the
same reasons based on a similarity of methods of busi-
ness and scope of operation for requiring this double
tax that apply to the operation of insurance agents both
fire and life and to sewing machine agents. If it can put
one agent in Pascagoula without payment of the priv-
ilege license, it can put as many more as the business
will justify and carry on the great bulk of its business in
larger towns and cities while located in a small town or
hamlet requiring the minimum amount of privilege li-
cense.

Section 5864, Hemingway's Code, was construed in
*Greenwood* v. *Delta Bank*, 75 Miss. 162, to mean that
municipalities were given the power to levy and collect
this tax required to be paid by all persons doing business
within the municipal limits, which business or calling is
taxed by the state and to limit the amount to fifty per
cent of the state tax. It will not be denied that the leg-
islature, in conferring this power could have fixed other
and further limitations, but since the legislature did not,
certainly the courts cannot fix other limitations such as
were insisted upon in this case in the court below.

Note: No brief filed for appellee.

ETHRIDGE, J., delivered the opinion of the court.

The appellee, James J. Carter, was charged with violating an ordinance of the city of Pascagoula by carrying on the business of automobile dealer in said city without paying the privilege tax. He was convicted in the city court and appealed to the circuit court, where the case was tried on an agreed statement of facts which is as follows:

"It is agreed by the parties hereto that this cause may be submitted to the presiding judge for decision, a jury being waived, on the following state of facts, which are agreed to be the facts on which the charge was made, and on which the defendant was convicted in the city court, from which he appealed, to-wit:

"J. J. Carter, the defendant herein, is an adult citizen of Jackson county, residing in the northern part of said county, and being the head of a family. The Lucedale Auto Company is a corporation chartered and organized under the laws of the state of Mississippi, domiciled at the town of Lucedale, in the county of George, state of Mississippi, where it has a place of business and its office, and at which point it engages in a general garage business, and buys and sells automobiles. Said corporation has a number of employees to whom it pays salaries, both for work done in the principal place of business at Lucedale, and for services rendered the company in selling automobiles in other places. Said Lucedale Auto Company has paid privilege taxes in the town of Lucedale, and in the county of George, authorizing it to engage in the garage business, and also as an automobile dealer, as provided by section 6, Laws 1924, page 122, amending chapter 104, Laws 1920.

"For two months or more prior hereto, J. J. Carter, defendant in this cause, has been in the employ of the Lucedale Auto Company, a corporation, as an automobile salesman in Jackson and George counties, that is to say,

said J. J. Carter, in consideration of a monthly salary paid to him by the Lucedale Auto Company, has offered for sale and was employed to offer for sale in the counties of Jackson and George, Ford automobiles, trucks, and tractors. All automobiles, trucks, and tractors, and other merchandise owned by the Lucedale Auto Company are kept or stored at Lucedale, it having no other place of business, and said J. J. Carter kept no stock on hand for the Lucedale Auto Company; but it was his duty, and in the scope of his employment, to take orders for merchandise for the Lucedale Auto Company, and arrange cash or credit sales for them, the same to be passed on and approved by the Lucedale Auto Company at Lucedale. If a sale were made by J. J. Carter, the articles would be delivered to the purchaser where bought for the account of the Lucedale Auto Company.

"It is further agreed that on the 19th day of June, 1924, said J. J. Carter, representing the Lucedale Auto Company, a corporation, agreed with one Eugene Hudson for the sale of a Ford or secondhand Ford automobile belonging to the Lucedale Auto Company, the same to be sold for a consideration of two hundred and ten dollars, of which the sum of fifty dollars was paid in cash, and the balance was to be paid in installments evidenced by promissory notes. The purchase money and notes were delivered to the Lucedale Auto Company by J. J. Carter, and the automobile was delivered to the purchaser, and this transaction occurred in the city of Pascagoula, whither J. J. Carter had come temporarily from his home in the northern part of the county, it being expressly understood that J. J. Carter maintained no place of business in the city of Pascagoula, either for himself or the Lucedale Auto Company, but merely visited that vicinity occasionally in the course of his business, on which occasions the said Carter solicited and made sales of new and secondhand autos, wholly for account of said Lucedale Auto Company, as in the case above stated of Eugene Hudson.

"It is further agreed that neither the Lucedale Auto Company nor J. J. Carter obtained any privilege license from the city of Pascagoula as an automobile dealer."

The circuit court rendered a judgment discharging the defendant and entered judgment of not guilty, from which the city appeals and asks a construction of section 6, chapter 117, Laws of 1924, the pertinent part reading as follows:

"Privilege tax for automobile dealers:

"On each person, firm or corporation, dealing in automobiles, whether as dealer, agent, or subagent, in cities . . . of less than fifteen thousand inhabitants, and more than five thousand inhabitants, seventy-five dollars. . . .

"And each person or individual selling or offering for sale automobiles, whether new or secondhand, shall pay this tax."

It appears from the agreed statement of facts that neither the Lucedale Auto Company, nor the defendant in the court below, had a place of business in the city of Pascagoula; neither kept any automobiles in stock, and it is not shown that a regular established business or an established agency was located in the city. It only appears that a few individual sales or trades were made within the city limits, it appearing that the defendant lived in the county district of Jackson county and was not an inhabitant of the city, and had no established business there. It further appears that the Lucedale Auto Company had a place of business at Lucedale and it there paid state and municipal taxes on its business. It also appears in the agreed statement of facts that the sales made by the defendant were sent to the Lucedale Auto Company for its approval and were subject to the approval of such company. Under this state of case, there was no dealing, within the statutory meaning, within the municipality of Pascagoula. The statute does not contemplate that each employee of a person or corporation

engaged in such business shall pay a privilege tax, but the tax is on the business payable by the person who owns and operates the business. Of course, if a general agent, such as the manager or person having control of the business located in the city, operates a business, he would be liable for the tax if it is not paid by the owner, but this liability does not extend to every employee who does any part of the business of the principal. Therefore the circuit court correctly decided that the appellee was not guilty and the judgment is affirmed.

*Affirmed.*