BOGGAN *v.* CLARK.*

(Division A. Nov. 9, 1925.)

[105 So. 760. No. 25130.]

1. BROKERS. *Privilege taxes imposed on real estate agents held business or occupation taxes.*

The privilege taxes imposed by chapter 104, Laws of 1920, are business or occupation taxes, and are not on isolated acts.

141 Miss.—54.

2. BROKERS. *Person held not liable for tax as "real estate agent" because of making isolated sale of real estate; nonresident broker not deprived of commission because tax not paid.*

In order for a person to be subject to the tax imposed by section 46, chapter 104, Laws of 1920, "on each real estate agent," he must be engaged in the real estate agency or brokerage business in Mississippi, and he is not liable therefor because of the making of an isolated sale of real estate.

*Headnotes 1. Brokers, 9 C. J., Section 15; 2. Brokers, 9 C. J., Section 15.

APPEAL from circuit court of Lee county.
HON. C. P. LONG, Judge.

Action by John M. Boggan against B. T. Clark. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

*Boggan & Leake,* for appellant.

*J. R. Anderson,* for appellee.

No briefs available for the Reporter.

SMITH, C. J., delivered the opinion of the court.

The appellant sued the appellee for commissions due him for selling land owned by the appellee, and was denied a recovery in the court below, for the reason that he had not paid the privilege tax assessed against each real estate agent by section 46, chapter 104, Laws of 1920, which section expressly prohibits a real estate agent who fails to pay the privilege tax due by him as such from recovering commissions on sales made by him.

The appellant is engaged in the real estate brokerage business in Memphis, Tenn., and the contract for the sale of the land here in question was made by letters in which the appellant also offered to sell other land for the appellees. This was the only sale or offer of sale shown to have been made by the appellant.

The privilege taxes imposed 'by chapter 104, Laws of 1920, are business or occupation taxes, and are not on isolated acts.

In order for the appellant to be liable for the tax, for the payment of which he is here claimed to be in default, he must have engaged in the real estate agency or brokerage business in Mississippi, and the making of an isolated sale of real estate is insufficient to constitute the person making the sale a real estate agent within the meaning of the statute. *Durham* v. *Slidell Co.,* 94 Miss. 140, 49 So. 739; *City of Pascagoula* v. *Carter,* 136 Miss. 750, 101 So. 687; 9 C. J. 513 et seq. and 565 et seq.

*Reversed and remanded.*