INDEPENDENT LINEN SERVICE Co. *v.* STATE *ex rel.* RICE.

(Division A. Feb. 12, 1934. Suggestion of Error Overruled Mar. 12, 1934.)

[152 So. 647. No. 31038.]

G. Garland Lyell and Louis C. Hallam, both of Jackson, for appellant.

64

**Wm. H. Maynard,** Special Agent, for appellee.

Argued orally by **L. C. Hallam**, for appellant, and by **W. H. Maynard**, for appellee.

**McGowen, J.,** delivered the opinion of the court.

The attorney general instituted suit and recovered judgment against the appellant, Independent Linen Service Company, for fifty dollars privilege tax alleged to be due and fifty dollars penalty for failure to pay same within the prescribed time.

The statute under which the privilege tax is alleged to be due and in default is section 119(a) of chapter 89, Laws 1932, and reads as follows:

"Upon each person, whether acting for himself or as agent for another, engaged in the business of renting or leasing towels, linens, pillow cases, sheets, bed spreads, clothing, and/or washable materials or apparel of like character, a state tax as follows:

"In municipalities of classes 1, 2 and 3, one hundred fifty dollars.

"In municipalities of class 4, seventy-five dollars.

"In municipalities of classes 5 and 6, fifty dollars.

"In municipalities of class 7, and elsewhere in the state, twenty-five dollars."

The state tax alleged to be delinquent and sought to be collected was based on the allegation that the appellant was engaged in the business of renting linens in the city of Canton, which is conceded to be a municipality of the fifth class. The record shows that the Independent Linen Service Company had storerooms and offices in the city of Jackson and also in the city of Meridian, and that all taxes due the state had been paid for and on account of these two cities. This linen company had no sort of office or place of business in the city of Canton. It was its custom to have a stock of linens, such as is described in the statute, which it furnished initially to its customers, and when the linens became soiled they were taken up by trucks and carried either to Jackson or Meridian, where the linen company had them laundered and delivered to its customers in Canton and elsewhere, charging for the service a rental slightly in excess of what would be paid by the customers to a laundry. The linen company did not own a laundry, but hired other laundries to perform the laundry service. The driver of the truck who delivered the linens in Canton and all other points collected therefor and solicited other business. All of the soiled linens were brought into the main office either at Meridian or Jackson, laundered, and sent out from those two points. In these two cities the company maintained stocks of linen and storerooms, and employed persons such as are usually employed by any business office.

It appears from the briefs that if the Legislature has clearly levied a tax upon this linen company to be collected wherever any of its agents or employees solicit business, in order to do business within the entire state the company would be required to pay many thousands of dollars in privilege taxes on this one organization. It will be observed that no tax was imposed upon each agent,

as is the case with steam laundries, demonstrated by section 119 of chapter 89, Laws 1932.

In Gully, State Tax Collector, v. Gulfport Loan & Brokerage Co. (Miss.), 151 So. 721, this court said that privilege taxes are construed strictly against the taxing powers and liberally in favor of the citizens. It certainly could not have been the intention of the Legislature, from the language used, to have imposed a privilege tax for each separate town in which the drivers, agents, and employees of this linen company solicited and obtained business, and we are therefore of the opinion that the linen company here was not engaged in business where it did not maintain a storeroom or place of business. The language used indicates to us that the appellant engaged in the business of leasing or renting linens in the cities of Jackson and Meridian, and that no tax is imposed upon its agents or employees soliciting and delivering linens in other cities, which the Legislature could have imposed.

The case of City of Pascagoula v. Carter, 136 Miss. 750, 101 So. 687, is illustrative of what is meant by the section under consideration. That case, however, would not be controlling here because the court did not have before it the question of whether or not a tax was imposed upon the Lucedale Auto Company, but the city there sought to enforce the tax against an agent or employee who solicited business in a town or city other than the one in which the Lucedale Auto Company was domiciled and engaged in business.

Under the facts of this case the appellant was not engaged in its business of renting linens in the city of Canton, within the meaning of the statute, but the statute intended that the tax should be paid in those municipalities in which it maintained a place of business or its equivalent.

We do not think, in the light of this view, that we are called upon to consider the very serious constitutional questions presented by appellant herein.

We are, therefore, of the opinion that the state was not entitled to recover in this case, and a judgment will be rendered here for the appellant.

Reversed, and judgment for appellant.