BAILEY, STATE TAX COLLECTOR, *v.* BERRY, ETC.

March 22, 1954

No. 39189          58 Adv. S. 1          71 So. 2d 181

*Chill, Landman & Gordon,* Jackson, for appellant.

*Butler, Snow & O'Mara,* Jackson; *Coolidge, Becker, Wall & Wood,* Dayton, Ohio, for appellee.

Holmes, J.

The appellant, Mrs. Thomas L. Bailey, State Tax Collector, brought this suit for the use and benefit of Rankin County against L. M. Berry, doing business as L. M. Berry and Company, and Southern Bell Telephone and Telegraph Company, demanding the sum of $300 as privilege taxes and damages alleged to be due the County of Rankin by the appellees for conducting the business of commercial advertising in the County of Rankin for the years June 1, 1944 to June 1, 1952, within the meaning of Section 6, Chapter 137 of the laws of 1944.

The Southern Bell Telephone and Telegraph Company was joined as a defendant by way of attachment in chancery to bind in its hands any sums due the said L. M. Berry, but the bill of complaint was later dismissed as to the telephone company and the attachment discharged upon proper bond furnished by the telephone company in accordance with the provisions of Section 2733 of the Mississippi Code of 1942. The suit proceeded solely as between the Tax Collector and the defendant Berry and resulted in a decree dismissing the original bill, from which decree this appeal is prosecuted.

The liability of the appellee for the privilege taxes and penalties here sought to be collected is asserted under and by virtue of Section 6 of Chapter 137 of the Laws of 1944, reading as follows:

"Advertising agency — commercial. Sec. 6. Upon each person, other than a licensed newspaper or printer, engaged in the business of commercial advertising, preparing commercial advertisements or negotiating and making advertising contracts for profit . . . $25.00."

The aforesaid Chapter 137 of the Laws of 1944 is known as the "Local Privilege Tax Law of 1944" and was duly adopted by the Board of Supervisors of Rankin County by resolution entered upon its minutes.

It is the contention of the appellant that during the period alleged in the original bill, the appellee was engaged in Rankin County, Mississippi, in the business of commercial advertising, preparing commercial advertisements or negotiating and making advertising contracts for profit, within the meaning of the aforesaid statute and thus became liable for the privilege tax thereby imposed. The appellee contends that he was not at any time engaged in such business in Rankin County or elsewhere in the State of Mississippi, but that if the activities in which he was engaged in the State of Mississippi, beginning January 21, 1948, be held to be such as to subject him to liability for the tax imposed by the aforesaid statute, then he would be liable for the tax only in Jackson, Hinds County, Mississippi, where he conducted his activities, and which was his only place of business.

We have reached the conclusion that even if it be conceded that the activities in which the appellee was engaged were such as to constitute him a commercial advertising agency within the meaning of the aforesaid statute, he would be liable for the tax only in Jackson, Hinds County, Mississippi, where he conducted such activities and which was his only place of business, and that such liability would attach only from the beginning of such activities on January 21, 1948.

This conclusion renders it unnecessary for us to decide on this appeal, and we do not decide, the question as to whether or not the activities in which the appellee was engaged in the State of Mississippi as shown by this record were such as to constitute him a commercial advertising agency within the meaning of the above quoted statute, and we expressly pretermit the decision of that question.

We need state only such facts as are pertinent to our decision on this appeal.

For many years the Southern Bell Telephone and Telegraph Company and its predecessor, The Cumber-

land Telephone and Telegraph Company, owned and operated a telephone system in the State of Mississippi and other states, and furnished to the public telephone exchange service in said states and operated therein a large number of telephone exchanges. Throughout the period of operation by the Cumberland Telephone and Telegraph Company and the Southern Bell Telephone and Telegraph Company in Mississippi and other states, they published and distributed to their subscribers alphabetical and classified telephone directories containing restricted advertising matter and featuring the telephone number and address of the advertiser in order to facilitate telephone service and to render more efficient and satisfactory service to the public. Advertising in the directories is carried for telephone subscribers only. The type of advertisement appearing in the directories is restricted by the telephone company as to size and scope and content, and the cost of the advertisement is billed monthly by the telephone company to the subscriber. Solicitations for applications for advertisement in the directories are made by a representative or representatives of the telephone company and on forms furnished by the telephone company, and all applications are taken in the name of the company and subject to acceptance or rejection by the company.

Prior to January 21, 1948, solicitation for such applications was made by salaried employees of the company. On January 21, 1948, the telephone company entered into a contract with the appellee, L. M. Berry, doing business as L. M. Berry and Company, to solicit and receive, subject to acceptance or rejection by the company, applications from its subscribers for directory advertising. The appellee opened an office in Jackson, Hinds County, Mississippi, staffed with some twenty or thirty employees, for the purpose of rendering the services provided for in the contract. The appellee engaged in no other activity in the State of Mississippi either prior or subsequent to the date of his contract

save that of rendering the services required of him under his contract, and maintained no other office or place of business other than that established in Jackson, Hinds County, Mississippi. The employees of the appellee consisted of the office personnel who were permanently located in Jackson, Mississippi, and solicitors who had their headquarters in Jackson and traveled out of Jackson for the purpose of soliciting applications from the company's subscribers in the State of Mississippi for directory advertising. All applications taken by these solicitors were returned to the office at Jackson where they were checked and verified and then turned over to the telephone company.

It will be observed, and it is undisputed, that the only office or place of business maintained by appellee in the conduct of his activities was in Jackson, Hinds County, Mississippi.

Under the provisions of Section 205 of said Chapter 137 of the Laws of 1944, it is only where the privilege to be exercised is carried on in two or more places of business that a separate license for each place of business is required. This section provides: ". . . and if the business made taxable, or the privilege to be exercised, is carried on at two or more separate places, a separate license for each place or location of such business shall be obtained."

In Section 1 of the aforesaid Act, the term "place of business" is defined as follows: "The term 'place of business' when used in this act, means a store, shop, counting room, office, factory, or other location or locations, whether in a building, enclosed space, or in any undefined place or places where any business as herein defined is done, conducted, or carried on."

The appellee had only one place of business and that was located in Jackson, Hinds County, Mississippi, and if liable for the privilege tax imposed by Section 6 of said Chapter 137 of the Laws of 1944, he became liable therefor only in Jackson, Hinds County, Mississippi,

for such period as appellee continued his said activities from and after January 21, 1948.

An analogous case, and one which in our opinion supports the conclusion we have reached, is Independent Linen Service Co. v. State ex rel Rice, 169 Miss. 62, 152 So. 647, wherein the Court said:

"The state tax alleged to be delinquent and sought to be collected was based on the allegation that the appellant was engaged in the business of renting linens in the city of Canton, which is conceded to be a municipality of the fifth class. The record shows that the Independent Linen Service Company had storerooms and offices in the city of Jackson and also in the city of Meridian, and that all taxes due the state had been paid for and on account of these two cities. This linen company had no sort of office or place of business in the city of Canton. It was its custom to have a stock of linens, such as is described in the statute, which it furnished initially to its customers, and when the linens became soiled they were taken up by trucks and carried either to Jackson or Meridian, where the linen company had them laundered and delivered to its customers in Canton and elsewhere, charging for the service a rental slightly in excess of what would be paid by the customers to a laundry. The linen company did not own a laundry, but hired other laundries to perform the laundry service. The driver of the truck who delivered the linens in Canton and all other points collected therefor and solicited other business. All of the soiled linens were brought into the main office either at Meridian or Jackson, laundered, and sent out from those two points. In these two cities the company maintained stocks of linen and storerooms, and employed persons such as are usually employed by any business office.

"It appears from the briefs that if the Legislature has clearly levied a tax upon this linen company to be collected wherever any of its agents or employees solicit business, in order to do business within the entire state

the company would be required to pay many thousands of dollars in privilege taxes on this one organization. It will be observed that no tax was imposed upon each agent, as is the case with steam laundries, demonstrated by Section 119 of Chapter 89, Laws 1932.

"In Gully, State Tax Collector v. Gulfport Loan & Brokerage Co. (Miss.), 151 So. 721, this court said that privilege taxes are construed strictly against the taxing powers and liberally in favor of the citizens. It certainly could not have been the intention of the Legislature, from the language used, to have imposed a privilege tax for each separate town in which the drivers, agents, and employees of this linen company solicited and obtained business, and we are therefore of the opinion that the linen company here was not engaged in business where it did not maintain a storeroom or place of business. The language used indicates to us that the appellant engaged in the business of leasing or renting linens in the cities of Jackson and Meridian, and that no tax is imposed upon its agents or employees soliciting and delivering linens in other cities, which the Legislature could have imposed."

In the case at bar, the appellant seeks to recover the tax for the exercise of the privilege in Rankin County, Mississippi, and on behalf of Rankin County, Missisippi. The undisputed facts show that appellee had no office or place of business in Rankin County and that all of his activities under his contract with the telephone company were conducted and carried on from his office in Jackson, Mississippi.

We are therefore of the opinion that irrespective of whether appellee's activities were such as to constitute him a commercial advertising agency within the meaning of the statute here involved, he incurred no liability for the claimed exercise of the privilege in

Rankin County. It accordingly follows that the decree of the court below should be, and it is, affirmed.

Affirmed.

All justices concur.