GULLY, STATE TAX COLLECTOR, v. GULFPORT LOAN & BROKERAGE CO.

(Division B. Jan. 8, 1934.)

[151 So. 721. No. 30959.]

Wadlington, Corban & Grant, of Biloxi, for appellant.

J. C. Ross, of Gulfport, for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

The state tax collector filed suit against the Gulfport Loan & Brokerage Company to collect a certain privilege tax and the penalty for failure to pay same, which privilege tax is imposed by section 57, chapter 89, Laws 1932, reading as follows:

"Commercial Agencies.—Upon each person engaged in the business of inquiring into and reporting the credit and financial standing of other persons engaged in business in this state, a state-wide tax of three hundred dollars."

It appears that the appellee, the Gulfport Loan & Brokerage Company, had a contract with the Gulf Coast Industrial Loan Company to lend its money, such loans to be approved by the Gulf Coast Industrial Loan Company. The appellee was to investigate the credit of parties applying for such loans, and for its services in procuring such loans and guaranteeing their payment

was to receive not exceeding six per cent. of such loans as were approved by the Gulf Coast Industrial Loan Company. The Gulf Coast Industrial Loan Company made other loans without the agency of the appellee, securing its own data therefor.

The appellee was not engaged in reporting on the credit of persons for any other than the Gulf Coast Industrial Loan Company, so far as appears in the record; and the appellee contended in the court below, and the court held, that it did not come within the purview of section 57, chapter 89, Laws 1932.

Privilege taxes are construed strictly against the taxing powers, and liberally in favor of the citizens. The heading of section 57, "Commercial Agencies," indicates what was intended to be taxed; and, in our opinion, it was not the intention of the Legislature to tax a person or corporation under the circumstances indicated in the above statement of facts. There was not the doing of a general business of inquiring into and reporting the financial standing of persons for any other than the Gulf Coast Industrial Loan Company.

We think the court below was correct in holding the appellee not liable, and the judgment will be affirmed.

Affirmed.