HUGO *v.* CITY OF OXFORD.

(Division B. Oct. 4, 1937.)

[176 So. 156. No. 32758.]

**Hill Jarratt** and **Thos. J. Tubb**, both of West Point, for appellant.

452

J. W. T. Falkner, of Oxford, for appellee.

**Griffith, J.,** delivered the opinion of the court.

The facts are, in brief, that appellant was an employee of the Ross Federal Service, Inc., which had an engagement with the Metro-Goldwyn-Mayer Pictures Corporation to check the business of certain of those motion picture theatres which exhibited pictures produced from the reels or films owned or controlled by the Pictures Corporation, including several of such theatres in this state, of which the Lyric Theatre in Oxford was one. The understanding or agreement between the said parties was that when the check has been made, the report thereof shall be forwarded immediately to the checker's employer; and after examination thereof to verify the computations, the employer shall, without keeping a copy thereof, forthwith send the report to the Pictures Corporation, the report so transmitted to be the sole property of the latter corporation; and that the parties shall hold the information as confidential and shall not disseminate it for any purpose whatever; and that, in fact, the information was never at any time furnished to any person or persons, natural or corporate, other than those herein specifically mentioned.

Appellant, under said arrangement, was sent to Oxford to check the Lyric Theatre, and was arrested for not having paid the privilege license claimed to be due under subsection (n-1), section 225, chapter 20, Laws 1935, Ex. Sess., as added by section 15, chapter 154 (page 145), Laws 1936, which subsection reads as follows: "Upon all checking agents in the business of checking the affairs of business concerns for persons, corporations, or

joint stock companies engaged in the business of disseminating information for commercial purposes, each county....$50.00." To disseminate for commercial purposes is to spread abroad the information to whomsoever will pay for it, whereas here the information was to be, and in fact was, held confidential and was not to be, and in fact was not, spread abroad.

The appellant was not liable for the tax, and therefore the judgment is reversed and appellant discharged.

Reversed and judgment here for appellant.