STONE v. MARTIN VENEER CORPORATION.

(Division B. Nov. 7, 1938. Suggestion of Error Overruled Nov. 21, 1938.)

[184 So. 435. No. 33381.]

**J. A. Lauderdale,** Assistant Attorney-General, for appellant.

**J. H. Sumrall,** of Jackson, for appellant.

Ford & Ford, of Pascagoula, for appellee.

Argued orally by **J. A. Lauderdale** and **J. H. Sumrall**, for appellant, and by **J. I. Ford**, for appellee.

718

**Anderson, J.** (after stating the case as above), delivered the opinion of the court.

The question of appellee's liability for the sales tax turns on the construction of certain provisions of Section 2-a of Chapter 119 of the Laws of 1934, Section 2, Chapter 158 of the Laws of 1936. Those provisions follow:

"Upon every person engaging or continuing within this state in the business of felling and producing timber

for sale, profit or commercial use, or buying, logging or selling timber for commercial purposes, the amount of such tax to be equal to the value of the articles produced, as shown by the gross proceeds derived from the sale thereof by the producer (except as hereinafter provided), multiplied by the respective rates as follows:'' (the tax levies)

''Provided, however, that only persons engaged principally in the business of felling and producing timber for sale, profit, or commercial use, or buying, logging and selling timber for commercial purposes (except as otherwise provided in this act), shall be required to pay the tax levied in this section for the privilege of engaging in the business of felling and producing timber for sale, profit, or commercial use, or logging and selling timber for commercial purposes. . . .

''And, likewise, any person engaging in the business of mining or producing timber, minerals, or other natural resource products (excepting, however, oil and gas), who shall sell such minerals, timber, or other natural resource products to a person engaged in the business of manufacturing, compounding or preparing such products for sale, as manufactured products, in mills or plants located in this state and taxable under section 2-b of this act, shall not be required to include in the measure of the tax imposed in this section any gross proceeds derived from the sale of such minerals, timber, or other natural resource products (excepting, however, oil and gas), to persons taxable under section 2-b of this act; but such person shall be required to make a proper return showing the amount of the gross proceeds of such sales and the persons to whom such products were sold.''

Particularly the proper construction of the proviso. It will be observed that it imposes the tax only on persons principally engaged in the business of felling and producing timber for sale, profit or commercial use, or buying, logging and selling timber for commercial purposes. Appellee's principal business is the manufacture

of veneer and wooden plugs. Its timber business is a mere incident. It naturally grows out of the main business, but, nevertheless, is distinct from it. It constituted less than ten percent of the whole during the two-year period involved.

The substance of appellant's contention is that the proviso in the statute only applies to the holders of lands engaged in enterprises, entirely separated from the timber business, who sell the timber on their lands in aid of such enterprises—for illustration, the farmer who sells the trees on his land to get money to aid in his farming operations. We are of the opinion that the argument is unsound. The statute means what it plainly says. The timber business must be the principal business. Of course, there could be two principal businesses—the manufacture of veneer and wooden plugs, and the timber business. But where one is a mere incident of the other, and in comparison is small, then there is only one principal business under the statute.

Isolated or incidental transactions do not constitute doing business. Item Co., Limited, v. Shipp, 140 Miss. 699, 106 So. 437. Chapter 110 of the Laws of 1912 imposed an annual privilege tax on the business of extracting turpentine from standing trees. The Court held that the act did not undertake to make a distinction between "the humble homesteader who taps a few trees by his own home and a large operator of many distilleries. No distinction can in fact be made."

Appellee argues that if mistaken in its position that the proviso does not cover its timber transactions, the statute violates certain provisions of both federal and state constitutions in that it discriminates against the sale of timber out of the state and the sale of it in the state for manufacturing purposes. So construed the statute would impose a tax on foreign shipments and exempt local sales. It would be entirely useless to decide any constitutional questions—they are not involved because we are holding that there is no such a discrimina-

tion. And, furthermore, they were not raised in the Court below and cannot be raised here for the first time. Adams v. Board of Supervisors, 177 Miss. 403, 170 So. 684.

Affirmed.

## ON SUGGESTION OF ERROR.

**McGehee, J.**, delivered the opinion of the court on suggestion of error.

We think that the construction given the statute involved in the former opinion was correct; and we do not now feel called on to pass on the constitutional question here urged for the first time on suggestion of error, and not raised by the pleadings. Taylor v. Copeland, Miss., 183 So. 519; Eady et al. v. State, 153 Miss. 696, 122 So. 199; City of Laurel v. Fox, 154 Miss. 755, 762, 122 So. 484, 124 So. 73; Warren County v. Mississippi River Ferry Company, 170 Miss. 183, 194, 154 So. 349, 155 So. 349; State ex rel. Suddoth v. Tann, 172 Miss. 162, 167, 158 So. 777, 159 So. 539.

Suggestion of error overruled.