CRAIG, STATE TAX COLLECTOR, *v.* BALLARD & BALLARD CO.

(Division A.   May 20, 1940.)

[196 So. 238.   No. 34160.]

Mize, Thompson & Mize, of Gulfport, for appellant.

Lyell & Lyell, of Jackson, and George W. Norton, Jr., of Louisville, Kentucky, for appellee.

**Griffith, J.,** delivered the opinion of the court.

Appellee has for many years been engaged in the business of packing and distributing flour and feed products. Its plant is in Kentucky and it distributes its products wholesale to several points in this State. At its plant it packs slips of paper called coupons in the original containers in such a manner that these coupons are irremovable except by the ultimate consumer. The consumer, after his purchase of the flour or feed from the retailer and when he opens the package, obtains the coupon, and when he has thus acquired a sufficient number of these coupons, they are redeemable in small articles of merchandise called premiums at the stores of local retail merchants designated for that purpose, but who, as a matter of practice, are always other than the retailers who sold appellee's products to the consumer. These

coupons are thus packed, and go only to the consumer, as an inducement to him to purchase appellee's products, but not as an inducement and cannot be used as an inducement to make purchases of any other merchandise. Appellee has no direct profit in the redemptions, so far as the record shows.

Appellee has paid all privilege taxes required of it, but appellant demands by this suit an additional privilege tax under Section 221, Chap. 20, Laws (Ex. Sess.), 1935, which is as follows: ''Trading stamps. . . . Upon each person engaged in the business of issuing, selling or delivering trading stamps, checks, receipts, certificates, tokens or other similar devices to persons, firms, or corporations, engaged in trade or business, with the understanding or agreement, expressed or implied, that the same shall be presented or given by the latter to their patrons, as a discount, bonus, premium, or as an inducement to secure trade, or patronage, and the person, selling or delivering the same, will give to the person presenting or promising the same, money or other thing of value, or any commission or preference in any way on account of the presentation thereof . . . $250.00.''

For more than thirty years certain companies have carried on in this State the business known as dealer or operator in trading stamps. This business is conducted in about this manner: The trading stamp company sells its stamps to retail merchants, who, on the sale of any of their merchandise, will give the purchaser a stamp or stamps in proportion to the amount of the purchase; and when the purchaser has obtained the required number of these stamps they are redeemed by the trading stamp company in premiums. The purpose of this plan is to induce and stimulate trade by and for the retail merchant in all classes of goods which he has on hand for sale, regardless of who may have been the producer; and the trading stamp company makes its profit in the sale of the stamps to the retail merchants. This business is dealt with and further illustrated in Sperry, etc., Co.

v. Mechanics' Clothing Co., C. C., 128 F. 800, Id., C. C. 135 F. 833; Commonwealth v. Gibson Co., 125 Ky. 440, 101 S. W. 385, and Hewin v. City of Atlanta, 121 Ga. 723, 49 S. E. 765, 67 L. R. A. 795, 2 Ann. Cas. 296.

We are of the opinion that the cited statute applies to the distinct business and the distinct kind of business mentioned in the next foregoing paragraph, and not to the restricted incidental plan outlined in the opening paragraph. What appellee has been doing has been strictly in furtherance of the sale of its own products and had nothing to do with the sale, or the promotion of the sales, of the products or goods of others, of sales in general, as is the case of the trading stamp business. Inasmuch as what appellee was doing was simply an incidental feature of its own business of selling its own products, and not used for the benefit of any other producer, the principle found in such cases as Garbutt v. State, 116 Miss. 424, 77 So. 189; Gully v. Gulfport Loan, etc., Co., 168 Miss. 449, 151 So. 721, and Hugo v. City of Oxford, 179 Miss. 450, 176 So. 156, is to be applied.

The Garbutt case is sufficiently illustrative. There was a statute imposing a privilege tax upon each person engaged in hiring laborers or soliciting laborers to go beyond the limits of the State. The Court said: "The act as we construed it, does not undertake to tax one who solicits or hires laborers for his own use or employment, the employer seeking labor for himself; the tax is laid upon the person doing a regular business of emigrant or employment agent."

The principle of adjudication deducible from the cases is that where a person or corporation is engaged in a distinct business and, as a feature thereof, in an activity merely incidental which serves no other person or business, the incidental and restricted activity is not to be considered as intended to be separately or additionally taxed. For instance, we have a statute, Section 7, Chap. 20 (Ex. Sess.), 1935, which imposes a privilege tax on outdoor commercial advertising. A merchant may put

any advertising matter he pleases as to his own business on his delivery trucks, or on his bill boards, or the like, without being liable under that statute; but if for pay he include advertisement for others, he would be liable.

Affirmed.