A. H. STONE, CHAIRMAN OF TAX COMMISSION, *v.* ALLIS-
CHALMERS MFG. CO.

(In Banc.   May 25, 1942.)

[8 So. (2d) 228.   No. 35000.]

Greek L. Rice, Attorney-General, by Geo. H. Ethridge, Assistant Attorney-General, and J. H. Sumrall, both of Jackson, and R. W. Heidelberg, of Hattiesburg, for A. H. Stone, Chairman, State Tax Commission.

Chambers & Trenholm, of Jackson, for Allis-Chalmers Mfg. Co.

Argued orally by **E. L. Trenholm**, for appellee.

**Griffith, J.**, delivered the opinion of the court.

Demand was made upon appellee for privilege or occupation taxes alleged to be due under Ch. 110, Laws 1940. The demand was complied with but under protest, and appellee sued to recover the payments. From the decree in appellee's favor the Tax Commissioner has appealed to this court.

Appellee is a nonresident manufacturer of tractors and other farm and industrial machinery. It sells its manufactured products in this state, through the means of resident agents, as well as by traveling representatives. It frequently sells its products on terms of part cash, with the balance evidenced in the form of installment notes, secured by conditional sales contracts, as well as sometimes on additional property, which notes and

securities are held by it for collection, and the collections are made by local agents, or by traveling representatives or through remittance made direct to appellee itself. It acquires no notes or mortgages or other evidences of indebtedness save from its own customers or agents, but all such notes and securities as it receives are by way of part of the purchase money for machinery which it has itself manufactured or has otherwise acquired, owned, and sold. In brief, appellee is not doing a business of lending money, or of purchasing, discounting, or otherwise acquiring notes and securities, save as directly concerns and as an integral part of its own business of manufacturing and selling machinery.

The case falls within the principle, as respects privilege or occupation taxes, "that where a person or corporation is engaged in a distinct business and, as a feature thereof, in an activity merely incidental which serves no other person or business, the incidental and restricted activity is not to be considered as intended to be separately or additionally taxed." Craig v. Ballard & Ballard Co., 189 Miss. 60, 196 So. 238, 239.

Appellee is therefore not taxable under Ch. 110, Laws 1940, and the trial court was correct in its decree to that effect. Certainly in doing as it has, appellee was not engaged in the business of lending money as mentioned in the opening terms of Sec. 1 of the Act, and if it is to be held liable thereunder it must be because of the second provision of that section, to wit, that it was "doing a business of purchasing, discounting, or otherwise acquiring notes, trust receipts, or other forms of indebtedness secured by liens," etc. But that was not its business. Its business was that of manufacturing and selling machinery, and when it took and retained notes and security for part of the purchase price of its machinery, that was an integral part and parcel of the sales—the notes and security representing in another form, as between appellee and the purchaser, the machinery itself.

What has been stated appears, we think, clearly enough from a careful analysis of the Act, especially when viewed in the light of the Ballard case, supra, but if its meaning in this respect were susceptible of doubt, the same result would follow under the familiar rule that taxing statutes must be construed strictly against the taxing power, and all doubts resolved in favor of the taxpayer.

We have not overlooked the feature that in some cases there would be involved what is termed "allied equipment," but which was appropriate to be used with the tractors manufactured by appellee. In these cases appellee would include this equipment in the sale to the customer as one transaction, would pay directly to the manufacturer of the allied equipment the price therefor, and would then take notes and security from the customer to cover the balance due on thé entire assembly of the equipment; but no notes or securities were taken from the customer payable to the owner or manufacturer of the allied equipment, but, as stated, appellee itself would pay for the allied equipment, becoming thereby the owner thereof so far as concerns the sales to, and the securities from, the customer.

Nor have we failed to consider the argument made by appellant, when the customer's notes and the security therefor are made payable to the dealer, or to his order, as is sometimes the case, and these are thence transferred to appellee whereby the dealer would receive credit on what would otherwise be or become a debt due by the dealers to appellee, this would be, according to appellant, a purchase by appellee of the notes and securities thus transferred. Even so, the dealer would be a link in appellee's own chain between itself and its ultimate customer or purchaser and the transaction would still be but an integral means, and its own means, by which appellee promotes the consummation of its sales to its ultimate and real customers or purchasers.

Affirmed.