M. L. VIRDEN LBR. CO., INC. *v.* STONE.

(In Banc.  February 9, 1948.)

[33 So. (2d) 841.  No. 36629.]

Holcomb & Curtis, of Clarksdale, for appellant.

**J. H. Sumrall,** of Jackson, for appellee.

**William Harold Cox**, of Jackson, amicus curiae.

**Roberds, J.**, delivered the opinion of the court.

The State Tax Commissioner on December 2, 1946, acting under Sections 10119, 10120 and 10135, Mississippi

Code 1942, assessed against appellant Lumber Company a tax of $371.74 upon the sale by appellant, during the months of July and August, 1946, of three lots located in Clarksdale, Mississippi. The Lumber Company paid the tax and sued in the Circuit Court for its recovery. The Commissioner demurred to the declaration. The trial court sustained the demurrer and rendered judgment for the Commissioner. From that judgment the Lumber Company appeals here.

The demurrer, of course, admits as true the allegations of fact properly set out in the declaration. Our investigation, therefore, is confined and limited to such allegations. We emphasize that statement in this case for the reason the briefs go far beyond the facts alleged in the declaration. We consider the case as made by the pleadings.

The tax is sought to be imposed under Section 10108, Code 1942, the part pertinent hereto being, ''Upon every person engaging or continuing within this State in the business of selling any tangible property whatsoever, real or personal, (not including, however, bonds or other evidence of indebtedness, or stocks), there is likewise hereby levied, and shall be collected, a tax equivalent to two per cent of the gross proceeds of sales of the business . . .''. This is a part of what is known as the Sales Tax Law. The declaration challenges the validity of this law, as applied to sales of real property, on a number of grounds, and then contends, and undertakes to set out facts sustaining the contention, that, even if the tax is valid, it does not apply to this corporation for the reason it is not engaged in the business of selling real property within the meaning of the quoted section. Since we have concluded that contention is well taken we do not decide the other questions involved.

The declaration avers that appellant is a corporation, with offices and warehouses in Clarksdale, Mississippi, ''and that it is engaged in and doing a general lumber, material and supply business, selling at wholesale and retail lumber, sand and gravel, paint, hardware and other

building material and appliances . . ."; that "the said plaintiff is not engaged in the business of selling real estate, but is engaged in the wholesale and retail lumber and supply business, and as an incident thereof, and to accommodate the builders they acquired these respective properties and arranged for the financing thereof to veterans of World War II . . ."; that appellant did this in co-operation with the Federal Emergency Housing Program to construct homes for war veterans, under which program veterans had a priority on building materials, and the three houses were constructed and sold to said veterans pursuant to contracts previously made with them; that appellant furnished all the lumber and materials used in the building of the houses but they were constructed by another under contract with appellant, which contractor had paid all taxes required of him, including a sales tax on the labor in such construction; and that appellant realized no profit from the sale of the lots; that the corporation had paid all taxes owing by it, which necessarily included privilege tax, sales tax on all sales of lumber and supplies sold by it including that which went into the construction of the three houses here involved, corporation franchise tax, ad valorem and gross income tax.

Accepting these allegations as true, was appellant engaged in the business of selling real property within the meaning of said Section 10108? Neither party has cited us a case exactly in point, nor has our research disclosed one. In Warburton-Beacham Supply Co. v. City of Jackson, 151 Miss. 503, 118 So. 606, this Court defined the word business as "Any particular occupation or employment habitually engaged in for livelihood or gain".

In Craig, State Tax Collector v. Ballard, 189 Miss. 60, 196 So. 238, this Court endeavored to interpret and apply the provisions of Section 221, Chapter 20, Laws, Ex. Sess., 1935, imposing a tax "Upon each person engaged in the business of issuing, selling or delivering trading stamps . . ." Ballard was engaged in the business of

packing and distributing flour and feed products at its plant in Kentucky, which products it distributed wholesale to several points in this State. At its plant it packed coupons in original containers in such manner that the coupons were irremovable except by ultimate consumer. Such consumer, after his purchase from the local retail dealer, opened the containers and obtained possession of the coupons, which were redeemable by the holders in articles of merchandise at designated local retail stores. The Court held that Ballard was not engaged in the trading stamp business within the meaning of said Section 221. The Court said, ''Inasmuch as what appellee was doing was simply an incidental feature of its own business of selling its own products, and not used for the benefit of any other producer, the principle found in such cases as Garbutt v. State, 116 Miss. 424, 77 So. 189; Gully v. Gulfport Loan etc. Co., 168 Miss. 449, 151 So. 721, and Hugo v. City of Oxford, 179 Miss. 450, 176 So. 156, is to be applied''. Again, ''The principle of adjudication deducible from the cases is that where a person or corporation is engaged in a distinct business and, as a feature thereof, in an activity merely incidental which serves no other person or business, the incidental and restricted activity is not to be considered as intended to be separately or additionally taxed.'' That principle was again announced and applied in Stone, Chairman v. Allis-Chalmers Mfg. Co., 193 Miss. 294, 8 So. (2d) 228, and in Stone, Chairman v. Case & Co., 194 Miss. 708, 10 So. (2d) 201. Those cases dealt with Section 5, Chapter 110, Laws 1940, which defined ''doing business'' to ''mean and include any and every act, power or privilege exercised or enjoyed in this state as an incident to, or in connection with, the lending of money, acquiring or owning notes or other forms of indebtedness secured as aforesaid by liens on tangible personal property located in the state of Mississippi, which liens may be enforced or indebtedness collected under the laws and government of this state . . . .'' In the Allis-Chalmers case the seller

was a non-resident manufacturer of tractors and other farm and industrial machinery. It sold its manufactured products in this State through local dealers or traveling representatives. It frequently sold such products for part cash with the balanced evidenced by installment notes of the purchasers secured by conditional sales contracts, as well as by additional security, which notes and securities it collected in this State either through local agents or traveling representatives. In the second case, the non-resident seller allowed its dealers in this State to accept from his customers old tractors, or other farm machinery, at agreed values, as part payment on the purchase price of new tractors bought from such dealers. The dealers, as opportunity presented, sold the old tractors or machinery part cash and part credit, taking notes for the amount of the credit, which notes the dealers had the right to deliver to the non-resident seller for credit at face values upon the purchase by the local dealers of new machinery. This Court held that in neither case was the seller liable for the tax imposed by said Section 5, this method of doing business being merely incidental to the main business of the sellers, and within the above-quoted principle as set out in the Ballard case.

In Stone, Chairman v. Martin Veneer Corporation, 183 Miss. 712, 184 So. 435, 437, this Court said, "Isolated or incidental transactions do not constitute doing business."

The Federal Revenue Code imposes a tax on income realized from sales in "ordinary course of his trade or business". 26 U. S. C. A. Int. Rev. Code, Secs. 22, 117. The Federal Court in Fahs v. Crawford, 5 Cir., 161 F. (2d) 315, 317, in defining a business under that statute, said, "Carrying on a business, however, implies an occupational undertaking to which one habitually devotes time, attention, or effort with substantial regularity. Merely disposing of investment assets at intermittent intervals, without more, is not engaging in business, even though some preliminary effort is necessary to render the asset saleable."

We are not required in this case to define exactly when one is ". . . engaging or continuing within this State in the business of selling . . ." real property under Section 10108, supra. We think it clear, under the allegations of the declaration and the Mississippi cases cited above, that the sale of the three lots here involved was merely incidental to the main business of appellant as a wholesale and retail dealer in lumber, building materials and supplies. It is familiar learning that doubts in tax statutes should be resolved in favor of the taxpayer. A development of all the facts may show appellant to be engaged in selling real property within the meaning of said Section 10108, but the allegations in this declaration show otherwise.

Reversed and remanded.