HARRY D. KANTOR & SON *v.* STONE, CHAIRMAN OF TAX COMMISSION.

(In Banc. March 22, 1948. Suggestion of Error Overruled, April 26, 1948.)

[34 So. (2d) 492. No. 36717.]

Holcomb & Curtis, of Clarksdale, for appellant.

**J. H. Sumrall**, of Jackson, for appellee.

**Sydney Smith, C. J.**, delivered the opinion of the court.

The appellants seek to recover taxes paid by them under two assessments therefor under Section 10108, Code 1942, on ten sales of tangible property (real estate) made by them between August 1st and December 31st, 1946. A demurrer to the declaration was sustained and the cause dismissed.

The declaration alleges in substance that the appellants are not engaged in the business of selling real estate but are engaged in ''a general building contractor's business'' and have paid all taxes due by them thereon. During the period covered by these two assessments residences for veterans of World War II were practically the only constructions permitted by the Federal Housing Administration and in order to continue in their construction business and as an incident thereto the plaintiffs were forced as a business expediency to buy real property, construct houses thereon and sell them to veterans of World War II, in accordance with the requirements of the Federal Housing Administration under the G I Bill of Rights, to whom each of the sales here in question was made.

The tax imposed by Section 10108, Code 1942, is ''upon every person engaged or continuing within this State in the business of selling any tangible property whatsoever, real or personal.'' And the term ''business'' when used in this statute is defined by Section 10104 thereof as including ''all activities or acts engaged in (personal or corporate) or caused to be engaged in with the object of gain, benefit, or advantage either direct or indirect.'' It requires no argument to demonstrate that by buying

and selling this real property the appellants were engaged in business under this statute, but they say that this was not their main business but was only incidental thereto. The mere fact that one business is an incident of another does not relieve it from taxation under this statute, it may or may not, depending upon its character and purpose. A person may be engaged in more than one business, each of which is taxable under this statute. Moreover, according to this declaration the appellants' business, for the period of time covered by these two assessments, was mainly buying real property, constructing houses thereon, and selling them to a limited class of purchasers—veterans of World War II.

M. L. Virden Lumber Co. v. Stone, 203 Miss. 251, 33 So. (2d) 841, is not in conflict herewith.

The tax imposed by Section 10108, Code 1942, is not upon casual or isolated sales of tangible property but is upon one engaged in the business of selling such. "The word 'business' implies an employment or occupation that is continuing." Johnson v. Cass & Emerson, 91 Vt. 103, 99 A. 633, 635; Warburton-Beacham Supply Co. v. City of Jackson, 151 Miss. 503, 118 So. 606. And beyond doubt the "business" referred to in the Section must be a "continuing" one. The idea of continuity is present in the declaration here under consideration, although it was not in the declaration under consideration in the Virden Lumber Co. case.

The appellants' contentions that Section 10108, Code 1942, imposes a tax on property and therefore violates Section 112 of our State Constitution; also violates the equal and uniform clauses of our State and Federal Constitutions, Const. Miss. Sec. 112, Const. U. S. Amend. 14, and constitutes a double taxation, have been effectually disposed of by many prior decisions upholding the constitutional validity of our sales tax beginning with Southern Package Corporation v. State Tax Commission, 174 Miss. 212, 164 So. 45.

Finally the Section is neither ambiguous nor uncertain, delegates administrative and not judicial duties to the State Tax Commissioner, and that it may not have been heretofore enforced, if such is the fact, does not relieve any taxpayer of the tax imposed by it. Cf. Holcomb & Longino, Inc., v. Stone (Miss.), 34 So. (2d) 491.
Affirmed.