Stone *v.* M. L. Virden Lumber Co.

In Banc. Mar. 28, 1949.

(39 So. (2d) 498)

J. H. Sumrall, for appellant.

**Holcomb & Curtis,** for appellee.

846

**Hall, J.**

Appellee brought suit against appellant to recover a tax refund of $371.74 sales tax paid by it under protest upon an assessment by appellant alleged to be due as a consequence of appellee's having engaged in the business of selling real property within this state. A demurrer to the declaration was sustained, and, upon appeal to this court, the judgment of the lower court was reversed and the cause remanded. M. L. Virden Lumber Company, Inc. v. Stone, Miss., 33 So. (2d) 841.

After the case went back to the lower court the appellant filed a plea of general issue and also a plea of set-off pursuant to the provisions of Section 1481 of the 1942 Code, wherein appellant sought to recover from appellee an additional assessment of $270.30 sales tax alleged to be due by virtue of other sales of real estate made by appellee. Appellee filed a motion to strike this plea of set-off, and thereupon the parties agreed that the pleadings in the case be taken and considered by the court as a stipulation of fact. On this stipulation, the lower court held that the additional sales of real estate alleged in the plea of set-off do not sufficiently show appellee to be engagd in the business of selling real estate under the sales tax law, Section 10108 of the 1942 Code, that the motion to strike should be sustained and that the plea of general issue is not good, and the defendant having declined to plead further the trial court entered judgment dismissing the plea of set-off, and awarding judgment on the original declaration in the amount sued for. From that judgment, this appeal is prosecuted.

In the former decision of this case, 33 So. 2d 841, 843, this court held that the allegations of the declaration filed for recovery of the tax paid under protest were such as to state a good case and that a demurrer thereto

was erroneously sustained, and particularly it was therein said "A development of all the facts may show appellant to be engaged in selling real property within the meaning of said Section 10108, *but the allegations in this declaration show otherwise.*" (Italics supplied.) Instead of developing the facts, as suggested in the former opinion, the appellant went back to the lower court and entered into an agreement and stipulation that the pleadings be taken and considered as a stipulation of fact. Thereby the appellant admitted that all the allegations of the declaration are true. As pointed out in the former opinion, the declaration charged that the three sales upon which the sales tax was levied were merely casual sales and only incidental to the company's main business of wholesale and retail dealer in lumber and building supplies. This being true, the appellee was not subject to the tax and his declaration for recovery thereof stated a good case, and the lower court was correct in awarding appellee judgment therefor, in view of the above mentioned stipulation.

The plea of set-off alleged three sales of real estate throughout the entire year of 1945 and two sales in May 1946, upon which the 2% sales tax would be $270.30, and it then alleged that when these sales are taken into consideration with the three mentioned in the original declaration the appellee is thereby shown to have been "actually engaged in the business of selling real estate, notwithstanding the decision of the Supreme Court, in which it was held that the sale of only three lots was not sufficient to constitute 'doing business' as contemplated by the statute", and that these additional sales show that the business was of sufficient volume and continued over a sufficient length of time to constitute doing a real estate business. Appellee's motion to strike the plea of set-off averred that the appellee was not engaged in the business of selling real estate, that the sales were only an incident to its business as a lumber company dealing in building supplies, materials and equipment

at wholesale and retail, and were made only for the purpose of enhancing its major business, and this motion also denied liability for the tax sought to be recovered by the plea of set-off.

The aforementioned stipulation admitted that the facts alleged in the plea of set-off, and in the motion to strike, are true. Analyzing these facts, we find that the plea of set-off made no factual allegation except that the sales were made and that the tax thereon would be $270.30, and it then averred, as a conclusion of law, that when these sales are considered along with the others, there is a sufficient showing that the appellee was engaged in the real estate business; on the contrary, the motion averred that appellee was not engaged in the real estate business and that the sales were only incidental to its main business.

The appellant misconstrues the former decision in this case. What the court held was that sales of real estate as a mere incident to some other major business do not necessarily place the seller in the category of those whose business is dealing in real estate. In the case of Holcomb & Longino, Inc., v. Stone, Miss., 34 So. 2d 491, 492, the appellants were held liable for the tax on the sale of eight lots; the decision was not based upon the number of sales made, but upon the fact that the appellant there was actually engaged in a general real estate and insurance business, and the court said: "By its own averments, appellant is engaged in the business activity of selling real estate, and these sales were made in the course of its said business of selling real estate. By its own averments, it procured these parcels of land for the purpose of selling them in its real estate business." In the case of Harry D. Kantor & Son v. Stone, Miss., 34 So. 2d 492, 494, the appellants had been engaged in business as a general building contractor, but, being unable to obtain, without priority, materials with which to pursue their business, the appellants were unable to obtain contracts for building construction, and they accordingly purchased a number of building lots and constructed

residences thereon for sale to veterans of World War II, being able to obtain priority in the purchase of materials for that purpose. In a period of four months, the appellants in that case made separate sales of ten lots to veterans; upon these facts this court held that: "the appellants' business, for the period of time covered by these two assessments, was *mainly* buying real property, constructing houses thereon, and selling them to a limited class of purchasers". (Italics supplied.) The court further said in that case that the mere fact that one business is an incident of another may or may not relieve it from the tax, depending upon its character and purpose.

It was pointed out in the former opinion of the case at bar that doubts in tax statutes should be resolved in favor of the taxpayer. In Miller v. Illinois Cent. R. Co., 146 Miss. 422, 111 So. 558, 559, it is said: "Before one is liable for taxes he must come within the express provisions of the taxing statute." And in Planters' Lumber Company v. Wells, 147 Miss. 279, 112 So. 9, 12, this court said: ". . . The principle of law should be kept in mind that laws imposing privileges taxes are liberally construed in favor of the person sought to be charged with such taxes, and therefore strictly construed as against the claim of the state or any of its political subdivisions for such taxes." Much of the decision in the latter case is well applicable to this case.

Applying these principles, and considering the former decision of this case, in the light of what was said in the Holcomb and Kantor cases, supra, we are of the opinion that the lower court committed no error in its judgment. The appellant did not see fit to develop the facts as suggested in the former decision herein, but merely agreed that all the facts stated in the pleadings are true, and relied upon the sole fact that the total of eight sales made by appellee in the course of about two years was sufficient to show that appellee was engaged in the real estate business. The question is not how many sales

of real estate were made in a given period of time, but is whether these sales were a mere incident to appellee's major business, and whether appellee was in fact engaged in the real estate business. The judgment of the trial court is therefore affirmed.

Affirmed.