288 P.2d 782

**TRICO ELECTRIC COOPERATIVE, Inc., a corporation, Appellant,**

**v.**

**STATE TAX COMMISSION of the State of Arizona; Thad M. Moore, Warren Peterson and William E. Stanford, Members of and constituting said State Tax Commission, Appellees.**

**No. 5957.**

Supreme Court of Arizona.

Oct. 18, 1955.

appeals. The parties will be referred to as they appeared in the trial court.

The facts are stipulated to be substantially as follows: Plaintiff is an electrical cooperative selling electricity to its members only and constructs most of and maintains all of its distribution lines and to that end purchases quantities of materials. In making these purchases the plaintiff's engineers drew up specifications and estimates of plaintiff's needs and the plaintiff then ordered from two to ten percent in excess of the estimates. Normally this excess was nearer ten than two percent of such estimates and was to prevent the possibility of experiencing a shortage of needed material. All purchases were with the intention of using the same but with the knowledge that a surplus might and probably would occur and that in all probability it would be necessary in good business practice to dispose of such surplus in order to recover capital. Plaintiff endeavored when feasible to order in carload lots and thereby obtained lower unit prices.

During the three-year period involved, a surplus of various materials over and above plaintiff's needs did occur and were sold to various companies and individuals for their respective consumption and not for resale. These sales were made to the respective consumers without profit at actual book cost except in one instance when ten percent was added to cover handling charges. In this manner plaintiff recovered its investment in these surplus articles.

Hall, Catlin & Molloy, Tucson, for appellant.

Robert Morrison, Atty. Gen., for appellees.

WINDES, Justice.

The State Tax Commission of Arizona levied an assessment against Trico Electric Cooperative, Inc., under the provisions of the Excise Revenue Act of 1935, as amended, for selling tangible personal property at retail during the period from June 1, 1949, to March 31, 1952. The tax was paid under protest and suit brought to recover the same. The trial court sustained the validity of the tax and rendered judgment for the defendant tax commission. Plaintiff Trico Electric Cooperative, Inc.,

Had they been returned to the original suppliers plaintiff would have been compelled to pay a ten percent handling charge plus freight and in many instances such return would have been refused. Plaintiff never advertised surplus for sale and never sold articles for which it had immediate need.

The date of each respective sale is not reflected in plaintiff's books. The sales for a month are recorded at the end thereof and as near as can be gained from the stipulated facts show an aggregate for the three-year period of 145 sales for a total of $48,508.40. These sales occurred during various months of the year.

We have held this type of tax is a levy on the business of selling tangible personal property at retail rather than on the sales. State Tax Commission v. Quebedeaux Chevrolet, 71 Ariz. 280, 226 P.2d 549. A retail sale is one for any purpose other than for resale and business "includes all activities or acts * * * engaged in with the object of gain, benefit or advantage either direct or indirect, but not casual activities or sales". Section 73–1302, A.C.A.1939. The legal problem for solution is, therefore, whether plaintiff's activities place it in the category of doing business as a retailer and thereby subject it to the obligation of paying two percent on the gross proceeds of the aforementioned sales as required by the provisions of section 73–1303, 1952 Cum.Supp., A.C.A.1939. Its solution depends upon whether the sales were casual and therefore exempt or, if not exempt, whether the sales were made "with the object of gain, benefit or advantage either direct or indirect". Section 73–1302, supra.

We do not believe plaintiff's activities in disposing of this property can be classified as casual sales as that term is used in the Act. We have no particular difficulty in determining what the legislature meant to include in the category of casual sales. Casual means "a happening without design and without being expected; coming without regularity; occasional". Webster's International Dictionary, second edition. It carries the idea of lack of continuity. By reason of plaintiff's business methods, it was anticipated that probably there would result a surplus of materials. It was anticipated that the same would be sold to consumers to recover the investment incurred by their purchase. These expected events occurred with substantial regularity. We are of the view these cannot be classified as sales occurring casually.

Even though these sales were not exempt as being casual, to place the plaintiff in the category of one engaged in the business of selling tangible personal property at retail, it is essential that the sales were made with the aim or end in view of realizing a gain, benefit or advantage, direct or indirect. Other states with a similar definition of what is a retail business disagree somewhat when presented with the problem of whether a set of facts places

one within the category of conducting such business. Mississippi held a company engaged in a lumber and material supply business did not necessarily place itself in the category of one in the selling business since sales were merely incidental to its major business. Stone v. M. L. Virden Lumber Co., 205 Miss. 841, 39 So.2d 498. Likewise, that state ruled that one engaged in the contracting business who because of conditions changed his activities to that of purchasing property, constructing houses thereon and selling them was engaged in the business of selling. Harry D. Kantor & Son v. Stone, 203 Miss. 260, 34 So.2d 492. California held that a school district in selling obsolete and other school property no longer needed for its school purposes was engaged in the business of selling at retail. Los Angeles City High School District v. State Board of Equalization, 71 Cal.App.2d 486, 163 P.2d 45. We do not wish to be interpreted as approving any of these cases for the reason that the basic facts are materially different from the facts in the case at bar.

■■ One's activities may be such as to constitute more than one business and the taxpayer be obligated to pay the appropriate tax on each. White v. Moore, 46 Ariz. 48, 46 P.2d 1077. While in that case the court made the statement that merely because the activity of renting was incidental to the banking business, it did not relieve the bank from paying a tax on the rental business, we do not believe the decision should be interpreted as meaning that it is unnecessary to deduce from the activities the carrying on of a separate business if both are to be taxed. If activities are incidental in the sense that they are inseparable from the principal business and interwoven in the operation thereof to the extent that they are in effect an essential part of the major business, they cannot be taxed as a separate business.

■ While the aggregate of these materials were purchased for consumption to the extent there would be a need therefor, the excesses were bought with the knowledge that they might not and probably would not be consumed and with the expectation of selling at retail for cost whatever materials were not needed for consumption. This was a continuing practice and resulted in advantages accruing to the plaintiff. By purchasing in carload lots, better prices were enjoyed. Plaintiff recovered the capital invested in these products. The sales were made with the object in view of securing these advantages. To place one in the classification of doing business as a retailer, it is not essential that the activity of selling at retail be done with the object of realizing a profit directly from the sales. It is sufficient if the object be any gain, benefit or advantage, direct or indirect.

■ The plaintiff's activities in making these sales were not so commingled or interwoven in the operation of plaintiff's principal business of selling electrical power as to be an essential or necessary part thereof

and therefore constituted a separate business of selling at retail. Under such circumstances the separate business is taxable as such.

Judgment affirmed.

LA PRADE, C. J., and UDALL, PHELPS and STRUCKMEYER, JJ., concur.