544 P.2d 717

STATE of Arizona, State of Arizona Department of Revenue, and John M. Hazelett, L. Waldo DeWitt, Bob Kennedy, as members thereof, Appellants,

v.

Howard W. SELBY and Liliane R. Selby, husband and wife, Appellees.

No. 2 CA–CIV 1974.

Court of Appeals of Arizona, Division 2.

Jan. 20, 1976.

Rehearing Denied Feb. 23, 1976.

Review Denied March 16, 1976.

Bruce E. Babbitt, Atty. Gen. by Ian A. Macpherson, Asst. Atty. Gen., Phoenix, for appellants.

Robertson, Molloy, Fickett & Jones, P. C., by Michael J. Meehan and Donald S. Robinson, Tucson, for appellees.

OPINION

HATHAWAY, Judge.

The State Tax Commission of Arizona assessed a transactional privilege and educational excise tax of $3,759.35 against appellees Liliane and Howard Selby. Appellees paid the tax under protest and filed suit to recover it. A summary judgment in their favor is the subject of this appeal.

Appellees own 100% of the stock of Selby Motors, a Lincoln-Mercury dealership. They lease to Selby Motors the real property which the dealership occupies. A.R.S. Secs. 42–1309, 42–1314 and 42–1361 tax the privilege of doing business in Arizona. A.R.S. Sec. 42–1301(1) defines business as:

" 'Business' includes all activities or acts, personal or corporate, engaged in or caused to be engaged in with the object of gain, benefit or advantage, either directly or indirectly, but not casual activities or sales."

Appellees argue that their one act of leasing is a casual activity and they are not in the business of renting property. They also claim that the property is not leased for the purpose of gain. Appellees also correctly state that in case of doubt, taxing statutes are to be construed in favor of the taxpayer. *Ebasco Services, Inc. v. Arizona State Tax Commission,* 105 Ariz. 94, 459 P.2d 719 (1969); *Phoenix Title & Trust Co. v. Burns,* 96 Ariz. 332, 395 P.2d 532 (1964).

Appellees' affidavit in support of their motion for summary judgment states that the land in question is the only property they lease. Selby Motors built the improvements and maintains them. The rent equals the cost of the property to appellees including taxes, insurance and other costs.

We find that the property was leased for the purpose of gain. The fact that costs such as taxes and insurance are paid is a benefit to appellees. See *O'Neil v. United Producers & Consumers Cooperative,* 57 Ariz. 295, 113 P.2d 645 (1941). No actual profit need be shown.

However, we are unable to say that appellees were in the business of renting property. Their one act of renting comes under the "casual activities" exception of A.R.S. Sec. 42–1301(1). The Arizona Supreme Court defined "casual" as follows:

"Casual means 'a happening without design and without being expected; coming without regularity; occasional'. Webster's International Dictionary, second edition. It carries the idea of lack of continuity." *Trico Electric Cooperative v. Arizona State Tax Commission,* 79 Ariz. 293, 296, 288 P.2d 782, 784 (1955).

This case is not unlike *Young v. Town of Vienna,* 203 Va. 265, 123 S.E.2d 388 (1962), where the plaintiff leased real property to an oil company for 25 years. At issue there was the meaning of "engage in the business of renting." The company built a service station on plaintiff's property. The court stated:

"Her one isolated act of renting a parcel of land zoned for commercial use does not indicate that she was engaged in a continuous and regular course of renting commercial property for a livelihood or profit." 123 S.E.2d at 390.

In the present case appellees leased only one piece of property and did no maintenance. This does not involve enough activity to constitute doing "business" under the meaning of A.R.S. Sec. 42–1309.

Affirmed.

HOWARD, C. J., and KRUCKER, J., concur.