636 P.2d 147

GEMMA PROPERTIES CAROLINA, LTD., a North Carolina corporation; Caesar A. Arredondo; and Carlos A. Arredondo, Plaintiffs/Appellees,

v.

The CITY OF TUCSON, a body corporate and politic; James Kay, City of Tucson Finance Director; and Harold Stites, City of Tucson Revenue Division Administrator, Defendants/Appellants.

No. 2 CA–CIV 3991.

Court of Appeals of Arizona, Division 2.

Oct. 14, 1981.

Bilby, Shoenhair, Warnock & Dolph, P. C. by Marc G. Simon, Tuscon, for plaintiffs/appellees.

Frederick S. Dean, Tucson City Atty. by Michael G. Wood, Tucson, for defendants/appellants.

OPINION

BIRDSALL, Judge.

This appeal involves the business privilege (sales) tax of the City of Tucson, Chapter 19, Tucson City Code. Appellees, Gemma Properties Carolina, Ltd., Caesar A. Arredondo and Carlos A. Arredondo, leased recently constructed facilities to International Business Machines Corporation. They commenced this action in the superior court for the recovery of taxes paid under protest. The trial court granted appellees' motion for summary judgment, ruling that the leasing activity was casual and therefore not subject to the tax. We agree.

The facts are not in dispute. IBM purchased land in the city and constructed four buildings. It then conveyed the improved property to the appellees, who simulta-

neously leased it back to IBM. The lease back was by means of four identical leases covering contiguous parcels, each consisting of approximately one-fourth of the land. The leases are carefree, i. e., the tenant is responsible for everything. The leases are for an initial five-year period with fifteen one-year extension options. The tenant can renew one, two, three or all of the leases. The legal descriptions covering the parcels leased are by metes and bounds. Appellees are not Arizona residents, own no other property in the state and do no business in Arizona, unless this rental to IBM be considered as such.

The only question we must decide is whether this leasing activity is casual and thus exempt from the city's transaction privilege tax.

Section 19.39(1), Tucson City Code, defines "business" as including "all activities or acts, personal or corporate, engaged in, or caused to be engaged in, with the object of gain, benefit, or advantage, either directly or indirectly, *but not casual activities . . .*" (emphasis supplied).

Appellants argue that future events may require additional acts by appellees. For example, if IBM did not exercise its option to renew one or more of the leases, appellees might then seek other tenants. The mere possibility that future activity may be subject to the city's tax does not justify the imposition of the tax.

■ Appellants further contend that appellees have subdivided their land by the use of the four metes and bounds descriptions. A.R.S. § 9–463.02(A) provides:

"'Subdivision' means improved or unimproved land or lands divided for the purpose of financing, sale or lease, whether immediate or future, into four or more lots, tracts or parcels of land. . . ."

Even if a subdivision has resulted from the use of the four separate leases this does not mean appellees are engaged in business in Tucson.

■ All the authority furnished us supports the trial court's ruling. This court in *State v. Selby*, 25 Ariz.App. 500, 544 P.2d 717 (1976) held that the state transaction privilege tax was not applicable to a casual lease transaction. The statute involved in that case, A.R.S. § 42–1301(1) (now § 42–1301(2)), defined business in the exact language used in the Tucson City Code. The Selbys individually owned the property leased to Selby Motors for its business operation. They owned all the stock of the tenant corporation. Although we found the lease benefited the lessors, we held this one act of leasing was a casual activity and the lessors were not in the business of renting property. In that opinion we relied, in part, on *Young v. Town of Vienna*, 203 Va. 265, 123 S.E.2d 388 (1962) wherein the plaintiff leased commercially zoned land to an oil company for 25 years and the company built a service station on the land. The Virginia court likewise held such an activity did not mean the lessor was engaged in the rental business.

The decision of the trial court is consistent with the ruling of the Arizona Department of Revenue that this same lease transaction with IBM is not subject to the state transaction privilege tax. *See In the Matter of Gemma Properties Carolina, Ltd., Arizona Department of Revenue,* Case No. 80069–S (April, 1981).

It is also consistent with Department of Revenue regulation R15–5–1607 which provides:

"A. A person who has one unit of commercial property rented or available for rent is not considered to be engaged in the rental business, and therefore not taxable, if the following conditions exist:

1. Such lessor has income from any other source; and

2. The scope and degree of the rental activity clearly indicates that it is an investment rather than a business.

B. 'Commercial property' means land or buildings used for a business purpose. Examples include: office buildings, stores, factories, farm land, and parking lots.

C. A person having two or more units of commercial property rented or available for rent is deemed to be engaged in the rental business and

is subject to tax on his gross rental receipts.

D. For purposes of this Regulation, a 'unit' of property means any single real property location rented or leased to a single tenant. For example, a 3-story office building is leased to a large law firm as the only tenant. The building is considered to be one unit of property. In contrast, individual spaces in a small medical building are rented to three different members of the medical profession on separate leases. The property, therefore, consists of three units and the lessor is engaged in the rental business."

The City of Tucson tax is on the privilege of doing business in the city. It is not a tax imposed on the rental income from an investment. In its effort to gain revenue, the city loses sight of this reality. Appellees are not engaged in the rental business in Tucson by reason of this single transaction.

Affirmed.

HATHAWAY, C. J., and HOWARD, J., concur.