794 P.2d 605

**DEVENIR ASSOCIATES, et al.**

v.

**The CITY OF PHOENIX.**

No. TX 89–00049.

Tax Court of Arizona.

June 22, 1990.

Beus, Gilbert & Morrill by K. Layne Morrill, Phoenix, for plaintiffs-appellants.

Phoenix City Atty. by Sandra K. McGee, Phoenix, for defendant-appellees.

## OPINION

MORONEY, Judge.

The taxpayer-plaintiffs are a number of partnerships, all of whose partners are also partners of the same law firm. Each taxpayer partnership was formed by partners of the law firm to buy personal property which the buying partnership then leased to the law firm.

A different taxpayer partnership was formed every year. All of the non-expendable personal property required by the law firm was subject to purchase by the taxpayer partnership that was the then current most recently formed partnership.

For the relevant tax year, each taxpayer partnership owned the personal property it purchased between the time it was formed and the time the next partnership was formed. Each taxpaper partnership was lessor on only one lease, and the law firm was the lessee on all such leases. None of the taxpayer partnerships have any employees; none of them have an office; and none of them seek additional business. They have no function other than as the owner-lessor of personal property used by the law firm in the conduct of its law business.

Partners of the law firm were eligible to be partners of the leasing partnerships which were formed while they were partners of the law firm. A partner of the law firm, however, was not required to be a partner of a taxpayer partnership. Nor was there any requirement that partners in one leasing partnership be partners in any other leasing partnership.

Subsequent to the formation of the partnerships, the taxpayers paid transaction privilege taxes to both the State and the City of Phoenix on the lease income derived by each partnership from its single lease. Because the property purchased by the taxpayer partnership was purchased to be leased, there was no transaction tax to the vendor.

■ The taxpayer partnerships now view their status differently. They now claim an exemption from taxation on lease payments. This claim is based on their position that the single lease of each partnership to the law firm is a casual lease, and, therefore, lease payments are not subject to tax.

The taxpayers also seek refunds of transaction privilege taxes paid on their lease income for prior years. They acknowledge that they should have to reimburse the City of Phoenix for the tax lost because no privilege tax was paid on the initial purchase of the property leased by the taxpayer partnerships to the law firm.

The City of Phoenix resists this change of status.

The Court holds that the taxpayer partnerships are each in the business of leasing personal property, and the casual activities exemption does not apply to the business activity which is the subject of this litigation.

Because of this holding, the Court need not consider the taxpayers' arguments that it is entitled to refunds of previous taxes paid.

■ Exemptions to taxation are strictly construed against the taxpayer. *People of Faith, Inc. v. Department of Revenue*, 161 Ariz. 514, 520, 779 P.2d 829, 835 (Tax 1989).

The Phoenix City Code imposes a transaction privilege tax on "persons on account of their business activities within the City". Phoenix City Code § 14–2. The tax applies to "every person engaging or continuing in the ... business activity [of] ... (8) [l]easing or renting tangible personal property for a consideration." Phoenix City Code § 14–2(8).

The taxpayers argue that they are not engaged in the business of leasing tangible personal property. The taxpayers further argue that the business activity in which they are engaged is the practice of law. The taxpayers fail to distinguish between the business activity of the partners and that of their leasing partnerships.

A.R.S. § 29–206(A) defines a partnership with the following language. "A partnership is an association of two or more persons to carry on as co-owners a business for profit."

A partnership, by definition, must have a business purpose. That such business purpose does not occupy anyone full time is not relevant. Here, the taxpayer partnerships are clearly engaged in the business of leasing tangible personal property. This is the reason each partnership was formed. The leases to which the law firm is subject make it clear that the partnership will provide such personal property as it is asked to provide. The leases also provide that the law firm will compensate the lessor partnerships by making periodic lease payments.

The issue before the Court is whether or not a partnership is exempt from transaction tax on lease income because all of its business activity is limited to one lease, or because all of its business activity is limited to one lessee.

■ The City Code defines business as "all activities or acts, personal or corporate, engaged in ... with the object of gain, benefit, or advantage, either direct or indirect, but not casual activities or sales." A casual activity or sale means "a transaction of an isolated nature made by a person who neither represents himself to be nor is engaged in a business subject to a tax

imposed by this chapter." Phoenix City Code § 14–100.

The Court has above determined that the partnerships are engaged in a business subject to a tax imposed by this chapter. *Webster's New Collegiate Dictionary* 608 (1979), defines "isolated" as "set apart from others". The Court interprets "a transaction of an isolated nature" to be a transaction not customarily made by a business entity in furtherance of its business. *See Department of Revenue v. Mountain States Tel. & Tel. Co.*, 113 Ariz. 467, 556 P.2d 1129 (1976).

Each taxpayer partnership was formed with the purpose of, and did in fact engage in, leasing personal property for a gain, benefit, or advantage. In analyzing the application of the Phoenix City Tax Code to the activities of the taxpayer partnerships, it is important to focus on the activities of the partnerships and not the activities of the partners. If a law partnership were to sell a used desk or typewriter, such a transaction might well be of an isolated nature.

The Plaintiffs rely heavily on *State v. Selby*, 25 Ariz.App. 500, 544 P.2d 717 (App. 1976), and *Gemma Properties Carolina Ltd. v. City of Tucson*, 130 Ariz. 369, .636 P.2d 147 (App.1981), for authority that their activities are exempt as casual activities.

Both *Selby* and *Gemma* involve a single lease transaction of real property. In *Selby*, the taxpayers were individuals who were also the owners of all of the stock of an automobile dealership. As individuals they owned the land upon which the dealership was situated. As individuals they leased to their dealership corporation the land. In *Selby*, the Court held that this single transaction was exempt from the state transaction privilege tax as a casual activity. The Court held that the individual taxpayers were not in the business of renting property. In so holding, the Court quoted from the Arizona Supreme Court opinion in *Trico Electric Coop., Inc. v. State Tax Comm'n*, 79 Ariz. 293, 288 P.2d 782 (1955).

"Casual means 'a happening without design and without being expected; coming without regularity; occasional.' It carries the idea of lack of continuity." *Selby*, 25 Ariz.App. at 501, 544 P.2d at 718.

Focusing on the activities of the taxpayer partnerships, it cannot be said that a partnership's lease to the law firm was a happening without design and without being expected. The fact that the law firm consistently utilized these *ad hoc* partnerships to finance the personal property it required in its business reflects that such activity had regularity, was not occasional, and is continuous.

*Gemma*, like *Selby*, involved a single real property lease made by persons not in the property leasing business. In *Gemma*, the Court of Appeals relied on its decision in *Selby*. It found that the taxpayers in *Gemma* were not regularly engaged in the leasing business · in Tucson. Here, the Court has found that the taxpayers are regularly engaged in the leasing business in Phoenix. In fact, it is their only business.

IT IS THEREFORE ORDERED denying summary judgment to the taxpayers.

IT IS FURTHER ORDERED granting summary judgment to the City of Phoenix.