ANDERSON BROS., INC. *v.* BD. OF SUPERVISORS

WASHINGTON COUNTY.

June 14, 1954

No. 39401          67 Adv. S. 1          73 So. 2d 105

*Philip Mansour, Ernest Kellner,* Greenville, for appellant.

*D. H. Waits,* Leland; *John E. Stone,* Asst. Atty. Gen., Jackson, for appellee.

ARRINGTON, J.

Anderson Brothers Corporation, a foreign corporation incorporated in the State of Texas, appeals from a judgment of the Circuit Court of Washington County affirm-

ing an assessment for ad valorem taxes for the year 1953 against appellant's machinery and equipment located in Washington County on January 1, 1953.

From the agreed facts, it appears that appellant is engaged primarily in the business of laying pipe lines for the transmission of natural gas. In August, 1952 appellant completed a contract in the State of West Virginia and shipped a large quantity of heavy equipment by barge line from West Virginia to its base of operations in Houston, Texas. While this equipment was in transit, appellant secured contracts in Kentucky and Michigan for which the equipment would be needed. In order to save time and transportation charges, the equipment was unloaded at Greenville, Mississippi, where appellant had purchased six acres of land for use in storage and repair of the equipment. From the time of its arrival in September, 1952 the equipment was being constantly stored, repaired, and shipped out until January 1, 1953, when there was left in Washington County the property which was assessed to appellant in this suit.

Appellant was doing no work in Mississippi during 1953, and the machinery did not remain at Greenville for the greater portion of the year. There is no dispute as to the value of the property. On January 16, 1953, the Tax Collector of Washington County, acting upon information that the property was about to be removed from Mississippi, levied a writ of attachment issued out of the Circuit Court of Washington County, on the affidavit of the sheriff, without bond. Subsequently, the tax collector and the representative of appellant entered into an agreement whereby appellant agreed not to remove its property from the State until security had been posted, which security was later furnished and no further action was taken pursuant to the writ of attachment.

Appellant first contends that it is not liable for the taxes with which it is assessed as the property was not taxable in Washington County, Mississippi. Appellant argues that Section 9747, Code of 1942 (Recompiled),

determines the tax liability of a nonresident of this State, and that unless appellant's property can be brought within the provisions of this section, appellant is not liable for the taxes with which it has been assessed. Section 9747 provides:

"Real property shall be assessed in the county, municipality and district where situated; and all tangible personal property shall be assessed in the county, municipality or district in which the same may be on the day that said tax lien takes effect, provided it shall be kept in such county, municipality or district permanently, or for the greater part of such current year, and the list thereof may be rendered by an agent of the owner.

"All property subject to taxation not above mentioned shall be assessed in the county, municipality and district where the owner resides, and this shall include poll taxes.

"Provided, however, that all persons, firms and corporations doing contracting work for drainage districts, for road districts, levee districts, bridge building or any other kind of contracting work, shall have all their personal property used in carrying out such contracts assessed in the county and district where such property is being used on the first day of January of each year."

We are unable to agree with appellant in this contention. Clearly, the property of appellant does not come within any of the classifications set forth in Section 9747, Code of 1942. However, it appears that Section 9747 serves only to determine in which county of the various counties and districts in Mississippi the property will be taxable; and in no manner determines the actual tax liability.

In the instant case, appellant's tax liability is determined by Section 9760, Code of 1942 (Recompiled), which provides:

"Corporations and joint stock companies, how taxed:— The property of each corporation or joint stock company (whether organized under the law of this state or any other state or country) shall be assessed and taxed as

that of a person; and the laws, providing for the assessment and collection of taxes on the property of persons, shall apply to the assessment and collection of taxes on the property of corporations and joint stock companies; . . . The president, secretary, or other officer of the same shall render, under oath, the tax list, in its name, of its property, real or personal or both, subject to taxation, to the assessor at the same time that persons are required to render their assessments of their property. *Its land and tangible personal property shall be assessed and taxed where situated on the first day of January of the year; . . .*" (Emphasis ours.)

As will be seen, this section provides that property of a corporation, whether organized under the laws of this state or not, shall be assessed and taxed and its tangible personal property shall be taxed and assessed "where situated on the first day of January of the year."

Appellant is a corporation. The property involved is tangible personal property, and the property was in Washington County, Mississippi, on the first day of January, 1953, the year for which the tax is assessed, and hence all of the statutory requirements are fulfilled.

We are of the opinion that under the facts of this case, the tax collector was authorized to seize the property by virtue of Section 9824, Mississippi Code of 1942 (Recompiled). We are further of the opinion that the appellant is liable for the taxes sought to be collected and that the judgment of the circuit court in upholding the validity of the assessment was correct. It follows that the judgment of the court below should be, and it is, affirmed.

Affirmed.

*Roberds, P. J.,* and *Hall, Kyle* and *Ethridge, JJ.,* concur.