State *v.* Dixie Contractors, Inc., et al.

No. 41831        April 24, 1961        129 So. 2d 386

*W. E. Wilroy, Walker & Franks,* Hernando, for appellant.

*Cox & Dunn,* Jackson, for appellees.

McElroy, J.

This is an appeal from the Circuit Court of DeSoto County holding that the Dixie Contractors, Inc., was not subject to taxation on certain personal property in

DeSoto County, Mississippi. The facts were presented to the court by stipulation and a jury was waived. The stipulation is, in part, as follows:

"This case is submitted to the Court without a jury for decision in term time or in vacation upon the following stipulated facts, to-wit:

"(1) Dixie Contractors, Inc., defendant, hereinafter called Dixie, is a road contractor with headquarters at 2965 South Third Street, Memphis, Tennessee, where it maintains its office.

"(2) In 1957 one J. B. Michael, as prime contractor, secured a contract for the construction of a section of Highway 55 located in the Second District of DeSoto County, Mississippi, and officially designated as Project I-091-4(7) consisting of the clearing, dirt work and concrete work on a section of said highway, 4 - 3/10 miles in length.

\* \* \*

"(4) That in August and October 1957 Dixie moved onto the job site various items of equipment for the purpose of use in performing the work consisting of two motor patrols, four DW-20, two DW-21, one D-6 tractor, one D-7 tractor, one D-8 tractor, one D-9 tractor, one sheepfoot roller, and three scrapers. Approximately two-thirds of said equipment was moved onto the job in August 1957 and the remaining one-third in October 1957. During the course of the work by Dixie, it also used in the project a No. 205 Koehring drag line, but this item was not acquired or placed on the job until May 1958.

"(5) The said equipment was used on the job regularly as the weather and its condition of repair permitted from the time of its arrival until removal hereinafter set forth. The equipment was not purchased especially for the above mentioned projects, but had theretofore been used on several projects in different parts of the State of Mississippi and adjoining states.

"(6) On December 20, 1957, the said job was shut down by the project engineer on account of bad weather, and all of the above mentioned equipment (except No. 205 Koehring drag line) was moved by Dixie into the Taylor Machine Shop, Memphis, Shelby County, Tennessee, where it was repaired at a cost of approximately $6,000.00, and Dixie began moving the equipment back into DeSoto County for further use on said road project on January 2, 1958, and the moving continued until all of the said equipment was back on the job. After said equipment was returned to the job after January 1, 1958, Dixie continued to use the equipment as needed to perform the road work.

"(7) The equipment, excluding the No. 205 Koehring drag line, left the road project and DeSoto County in April 1958, and after which time other finishing equipment was brought in to complete the finishing work, and the work was finally completed on or about December 9, 1958.

"(8) Dixie does not have and has never had its office or any permanent place of business in DeSoto County, Mississippi, and did not have any such office or place of business in 1957 or 1958, but its office and headquarters as aforesaid are in Memphis, Tennessee.

"(9) The only issue presented in this cause and the only issue submitted for decision is whether the equipment as to which assessment has been made is subject to assessment and taxation.''

The court held that "the equipment in question had not acquired a permanent situs in the State of Mississippi on January 1, 1958.

"Since this equipment was not physically present in DeSoto County on January 1, 1958, under pertinent statutes and Supreme Court decisions construing such statutes the equipment was not subject to taxation in DeSoto County. Accordingly, the Declaration must be dismissed with prejudice.''

The assessment was made under Sec. 9747, Code of 1942, as amended in 1956, which provides as follows:

"Real property shall be assessed in the county, municipality and district where situated; and all tangible personal property shall be assessed in the county, municipality or district in which the same may be on the day the said tax lien takes effect, and the list thereof may be rendered by an agent of the owner. Provided, that where tangible personal property is temporarily removed from the taxing jurisdiction before the day on which the tax lien takes effect, said tax lien shall take effect in such jurisdiction as though said property were not removed.

"All property subject to taxation not above mentioned shall be assessed in the county, municipality and district where the owner resides, and this shall include poll taxes.

"Provided, however, that all persons, firms and corporations doing contracting work for drainage districts, for road districts, levee districts, bridge building or any other kind of contracting work, shall have all their personal property used in carrying out such contracts assessed in the county and district where such property is being used on the first day of January of each year."

The "law day" or lien dates are fixed by statute. Sec. 9744 specifies the law day or lien date to be the first day of January of each year. It is here provided that "all taxes assessed shall be a lien upon and bind the property assessed, from the first day of January of the year in which the assessment shall be made."

Section 9760, Code of 1942, deals with Corporations and provides that "its land and tangible personal property shall be assessed and taxed where situated on the first day of January of the year."

In passing on statutory construction, the statutes are to be construed liberally in favor of the taxpayer and strictly against the taxing power and all doubts are to

be resolved in favor of the taxpayer. The power to tax must be clear beyond doubt and, of course, cannot be implied.

In Craig, State Tax Collector v. Walker, 191 Miss. 424, 2 So. 2d 806, the Court, in denying the right of a municipality to levy a tax on transient vendors, said of the tax statute: "* * * candor must compel us to say that we cannot confidently determine what was meant, and we, therefore, resolve the doubt in favor of the taxpayer —taxation is never to be allowed under a statute of doubtful interpretation. Pan-American Petroleum Corp. v. Miller, 154 Miss. 565, 122 So. 393, and the numerous cases cited therein." See also A. H. Stone v. Allis-Chalmers Mfg. Co., 193 Miss. 294, 8 So. 2d 228; Chickasaw County v. G. M. & O. R. Co., 195 Miss. 754, 15 So. 2d 348; Stone v. M. L. Virden Lumber Co., Inc., 205 Miss. 841, 39 So. 2d 498 and Stone v. General Box Co., 212 Miss. 60, 53 So. 2d 85.

In passing on Sec. 9747, Code of 1942, before its amendment in 1956, in Anderson Bros. Corp. v. Board of Supervisors of Washington County, 221 Miss. 361, 73 So. 2d 105, the Court held as follows:

"Appellant first contends that it is not liable for the taxes with which it is assessed as the property was not taxable in Washington County, Mississippi. Appellant argues that Section 9747, Code of 1942 (Recompiled), determines the tax liability of a nonresident of this State, and that unless appellant's property can be brought within the provisions of this section, appellant is not liable for the taxes with which it has been assessed. Section 9747 provides:

" 'Real property shall be assessed in the county, municipality and district where situated; and all tangible personal property shall be assessed in the county, municipality or district in which the same may be on the day the said tax lien takes effect, provided it shall be kept in such county, municipality or district permanently, or

for the greater part of such current year and the list thereof may be rendered by an agent of the owner.

" 'All property subject to taxation not above mentioned shall be assessed in the county, municipality and district where the owner resides, and this shall include poll taxes.

" 'Provided, however, that all persons, firms and corporations doing contracting work for drainage districts, for road districts, levee districts, bridge building or any other kind of contracting work, shall have all their personal property used in carrying out such contracts assessed in the county and district where such property is being used on the first day of January of each year.'

"We are unable to agree with appellant in this contention. Clearly, the property of appellant does not come within any of the classifications set forth in Section 9747, Code of 1942. However, it appears that Section 9747 serves only to determine in which county of the various counties and districts in Mississippi the property will be taxable; and in no manner determines the actual tax liability.

"In the instant case, appellant's tax liability is determined by Section 9760, Code of 1942 (Recompiled), which provides:

" 'Corporations and joint stock companies, how taxed.—The property of each corporation or joint stock company (whether organized under the laws of this state or any other state or country) shall be assessed and taxed as that of a person; and the laws, providing for the assessment and collection of taxes on the property of persons, shall apply to the assessment and collection of taxes on the property of corporations and joint stock companies; * * *. The president, secretary or other officer of the same shall render, under oath, the tax list, in its name, of its property, real or personal or both, subject to taxation, to the assessor at the same time that persons are required to render their assessments of their

property. *Its land and tangible personal property shall be assessed and taxed where situated on the first day of January of the year; * * *.'* (Emphasis ours.)

"As will be seen, this section provides that property of a corporation, whether organized under the laws of this state or not, shall be assessed and taxed and its tangible personal property shall be taxed and assessed 'where situated on the first day of January of the year'.

"Appellant is a corporation. The property involved is tangible personal property, and the property was in Washington County, Mississippi, on the 1st day of January, 1953, the year for which the tax is assessed, and hence all of the statutory requirements are fulfilled."

Anderson Bros. held that the property was in Mississippi on January 1, the law day or lien date, but the converse would be applied in this case. Dixie Contractors, Inc., is domiciled in Memphis, Tennessee, and the property was in Memphis, Tennessee, on January 1.

The legislature in amending in 1956 Sec. 9747, Code of 1942, added: "Provided, that where tangible personal property is temporarily removed from the taxing jurisdiction before the day on which the tax lien takes effect, said tax lien shall take effect in such jurisdiction as though said property were not removed." From this same statute in 1956 there was omitted from the first paragraph of the statute the original phrase, "provided it shall be kept in such county, municipality or district permanently, or for the greater part of such current year." No change was made in the last paragraph dealing separately with contractors. This section still contains the proviso, "that all persons, firms and corporations doing contracting work for drainage districts, for road districts, levee districts, bridge building or any other kind of contracting work, shall have all their personal property used in carrying out such contracts assessed in the county or district where such property is being used on the first day of January of each year."

The stipulation on which the learned judge rendered his opinion states that ''On December 20, 1957, the said job was shut down by the project engineer on account of bad weather, and all of the above mentioned equipment (except No. 205 Koehring drag line) was moved by Dixie into the Taylor Machine Shop, Memphis, Shelby County, Tennessee, where it was repaired at a cost of approximately $6,000.00, and Dixie began moving the equipment back into DeSoto County for further use on said road project on January 2, 1958, and the moving continued until all of said equipment was back on the job. After said equipment was returned to the job after January 1, 1958, Dixie continued to use the equipment as needed to perform the road work.'' It further stated that the work was finally completed on or about December 9, 1958, and that Dixie never had its office or any permanent place of business in DeSoto County, Mississippi, and did not have any such office or place of business in 1957 or 1958, but rather that its office and headquarters were in Memphis, Tennessee. From the record there is nothing unusual or improper in the moving of the machinery a few miles over the state line into Tennessee, the home and permanent location of the Dixie headquarters. This removal was for the legitimate purpose of repairing it at a time the job was shut down. The court had a right to believe that it was advantageous to have the equipment repaired at this time.

The lien or law date is an arbitrary selection for the determination of tax liability. This is clear from the opinion in the Anderson case. If the property is in Mississippi on January 1, it is taxable no matter how temporary its location and without regard to whether it was brought for use and profit. If the property is not in Mississippi on this date, then it is not taxable for that year.

61 C. J., 171, Section 126: ''3. Time When Liability attaches in General.—The right or liability to tax is de-

termined by the facts as they existed when the tax was laid, and it has been held that property not in existence on the date fixed for determination of taxable status is not subject to tax. Subject to constitutional restrictions, the state may select the time as of which tax liability shall be determined, and the taxable status of persons and property will be determined as of the time specified in the particular statute applicable." See also, 84 C. J. S., Taxation, Sec. 60.

In Wildberger, et al v. Shaw, Sheriff and Tax Collector, 84 Miss. 442, 36 So. 539, the Court said: "Lands bought from the state on February 2d of any year are no more taxable for that year than are lands bought on January 31st of the next year. February 1st is the day which fixes liability to taxation."

In Creegan, et al v. Hyman, et al, 93 Miss. 481, 46 So. 952, a headnote is as follows: "Lands purchased from the state between February 1st and October 1st are not liable for taxes for that year, and lands sold to the state for taxes in March cannot be legally sold for taxes for that year."

In 84 C. J. S., 653, Sec. 316, it is said: "The situs at the time of making the assessment has been held to determine the place of taxation of personal property. * * * However, the legislature, in the absence of constitutional restriction, may fix the time as of which property shall acquire a taxable situs in a taxing district, and valid statutes in this regard are given effect, even though certain property may escape taxation, or even though the property is transferred out of the taxing district after the specified date and is listed for taxation and taxed in another taxing district."

In 2 Cooley on Taxation, 4th Ed., Sec. 546, it is stated: "The taxable status of persons and property relates to a certain day in each year. There must be some day of the year of which the power to tax property at all, or the power to tax it to a certain person, is to be

determined. That day will fix the power to tax with reference (1) to whether the property was in existence on that day, (2) whether the property was within the jurisdiction so as to have a taxable situs on that day, (3) whether the property was exempt from taxation on that day, and (4) whether the property should be taxed to one person or another as dependent on its ownership on that day.''

We feel that the court was justified in holding that the appellee did not acquire permanent situs in the State of Mississippi on January 1, 1958. Therefore the case is affirmed.

Affirmed.

*Lee, P. J.,* and *Arrington, Ethridge,* and *Rodgers, JJ.,* concur.