JONES, Justice.
The only question here is whether appel-lee was required to make its initial return under our Franchise Tax Statutes and pay such tax for the year 1964. The Chancery Court of the First Judicial District of Hinds County, whence this appeal, held it did not. We affirm.
Appellee’s certificate of incorporation was issued by the Secretary of State under date of December 16, 1963. The organization was on December 30, 1963, when stock was subscribed and the consideration therefor paid by a deed from N. W. Over-street to the corporation for certain property. The grantor reserved all rents for 1963, was to pay 1963 taxes thereon, as well as all accounts payable for operation and upkeep of the property, accruing on or before December 31st, 1963.
At said meeting the president was authorized to borrow working capital, to secure office space, corporate records, furniture, office materials, etc.
The by-laws provided its fiscal year should be the calendar year but it had no receipts nor' was it entitled to any, nor did it have any obligations accruing or required to be paid during 1963.
In our Code (Mississippi Code Annotated section 9315(d) (Supp.1964)), the chapter on “Corporation Franchise,” in force during 1963 reads:
“In the case of an organization newly subject to this act, its initial return shall be due on the July 15th immediately following the end of its first accounting period after becoming subject to this act; provided, that if said first accounting period ends on either May 31st or June 30th, its initial return shall be due on the second July 15th following the end of said first accounting period; and provided further, that an accounting period, for the purpose of this act, cannot exceed twelve (12) months in length regardless of whether or not the organization has actually commenced business or is actually engaged in business; and provided further, that if an organization adopts no regular accounting period within twelve (12) months from the time it becomes subject to this act, then it will be assumed, for the purpose of this act, that said organization is on a calendar year basis.”
Under these facts and because the corporation had established its fiscal year as the calendar year, the Tax Commission took the position that the first “accounting period” ended December 31, 1963, and assessed the tax for 1964. Appellee protested and this suit resulted.
Mr. Robert B. Steele, a Certified Public Accountant, testified the term “accounting period” is a term used by CPA’s in the accounting field and denotes the interval of time for which an operating statement, a profit and loss statement, is customarily prepared. That it is different from the mere acquisition of property in exchange for stock. That the property would be an asset that might remain throughout the year with no change in its status — no income and no losses. That a statement of assets is as of a specific date, a balance sheet as of that date, as opposed to an operating statement covering a period of time. He was supported by standard text books.
*238 The Chancellor held with appellee that there was no accounting period in 1963. His opinion was rendered February IS, 1966 and his final decree February 21, 1966.
We do not believe it is necessary to seek other law than this statement in 50 Am.Jur. Statutes section 337 at 328-30 (1944):
“The interpretation of a statute by the legislative department of the government may go far to remove doubt as to its meaning. This fact is recognized by the courts which regard it as proper, in determining the meaning of a statute, to take into consideration subsequent action of the legislature, or the interpretation which the legislature subsequently places upon the statute. There are no principles of construction which .prevent the utilization by the courts of subsequent enactments or amendments as an aid in arriving at the correct meaning of a prior statute, and it is very common for a court, in construing a statute, to refer to subsequent legislation as impliedly confirming the view which the court has decided to adopt. Indeed, it has been held that if it can be gathered from a subsequent statute in pari materia what meaning the legislature attached to the words of a former statute, they will amount to a legislative declaration of its meaning, and will govern the construction of the first statute. Under this rule, an amendment to an act may be resorted to for the discovery of the legislative intention in the enactment amended. In the application of these rules, it is generally held that a legislative body may by statute declare the construction of previous statutes so as to bind the courts in reference to all transactions occurring after 'the passage of the new law. Indeed, where no constitutional rights of the party concerned are violated, the legislature may in some cases by subsequent legislation furnish the rule to govern the courts as to transactions which are past. * * * ”
By House Bill No. 867 of the Regular Legislative Session of 1966, approved June 10, 1966, the following words were added at the end of Section 9315(d) heretofore quoted:
“ * * * For the purpose of this act, a corporation’s first accounting period shall mean the period beginning with the date of the Certificate of Incorporation and ending on the date that the corporation elects to close its books of account. In order to establish this first accounting period, it is not necessary that the corporation engage in a commercial activity, and this first accounting period shall be a period of time covering from one (1) day to twelve (12) months.”
Tax laws are to be strictly construed against the taxing powers and all doubt resolved in favor of the taxpayer. Chickasaw County v. Gulf, M. & O. R. R. Co., 195 Miss. 754, 15 So.2d 348 (1943); State v. Dixie Contractors, 240 Miss. 793, 129 So.2d 386 (1961).
Taxation is never to be allowed under a statute of doubtful interpretation. Craig, State Tax Collector v. Walker, 191 Miss. 424, 2 So.2d 806 (1941) ; Pan-American Petroleum Corp. v. Miller, State Tax Collector, 154 Miss. 565, 122 So. 393 (1929).
We consider the action of the legislature in amending the statute as an acknowledgment by it that the statute previously passed was, at least, of doubtful interpretation, and we affirm the case.
Affirmed.
GILLESPIE, P. J., and RODGERS, BRADY and SMITH, JJ., concur.